**IN THE UNITED STATES DISTRICT COURT
FOR MIDDLE DISTRICT OF FLORIDA
TAMPA CIVIL DIVISION**

LOGAN LYTTLE, on his
own behalf and on behalf of all
similarly situated individuals,

      Plaintiff,

v.                                    Case No.:

TRULIEVE, INC.,
a Florida Profit Corporation, and
PERSONAL SECURITY CONCEPTS, LLC,
a Florida Limited Liability Company,

      Defendants.

_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Logan Lyttle, on behalf of himself, the putative classes set forth below, and in the public interest, brings this Class Action Complaint against Defendants, Trulieve, Inc., including, subsidiaries, divisions and affiliates, and Personal Security Concepts, LLC including, subsidiaries, divisions and affiliates for violations of the Fair Credit Reporting Act of 1970, as amended ("FCRA"), 15 U.S.C. § 1681 et seq.  Plaintiff intends to hold Defendants accountable for violating his federally protected privacy rights and failing to provide him with information and notice to which he was entitled pursuant to the FCRA.

## PRELIMINARY STATEMENT

1.      Plaintiff is a consumer/applicant who was the subject of a consumer report used for employment purposes by Defendant Trulieve, Inc. ("Trulieve").  Trulieve routinely obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information, in whole or in part, as a basis for adverse employment actions, including denial of employment and

terminations.

2.      Defendant Personal Security Concepts, LLC ("PSC") is a consumer reporting agency.  PSC provides employers with consumer reports, commonly referred to as "background checks," for employment purposes.  Employers rely on these reports to make employment related decisions on applicants and employees.  Here, PSC sold Plaintiff's consumer report to Trulieve.

3.      The FCRA, 15 U.S.C. § 1681b, makes it presumptively unlawful to obtain and use a consumer report for an employment purpose.  The use of a consumer report for employment purposes only becomes lawful if and only if the consumer reporting agency and the user, *i.e.* employer, comply with the FCRA's strict requirements.

4.      Defendants willfully violated these requirements in multiple ways, in systematic violation of Plaintiff's rights and the rights of other putative class members.

5.      Trulieve violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative class members for employment purposes, without first providing a clear and conspicuous disclosure  – ***in a document that consists solely of the disclosure*** – that it may obtain a consumer report on them for employment purposes, before obtaining a copy of their consumer report.

6.      Trulieve violated 15 U.S.C. § 1681b(b)(2)(A)(ii) by obtaining consumer reports on Plaintiff and other putative class members without their written authorization.

7.      Trulieve violated 15 U.S.C. § 1681b(b)(3)(A) by taking adverse employment action against Plaintiff and other putative class members without first providing Plaintiff and other affected class members with pre-adverse action notice, a copy of their consumer report, and a summary of their FCRA rights.  Consequently, consumers were deprived of the opportunity to

confirm the accuracy of their report, learn the contents of their report, or dispute their report with the consumer reporting agency that compiled it.

8.      PSC violated 15 U.S.C. §§ 1681b(b)(1)(A)(i)-(ii) by providing consumer reports used for employment purposes without valid certification from Trulieve that it had complied with the disclosure, authorization and notice requirements set forth in 15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii).

9.      PSC also violated 15 U.S.C. § 1681k by furnishing consumer reports containing public information likely to have an adverse effect on a consumer's ability to obtain employment but failing to provide at the time notification to the consumer that such information was being reported and to whom it was being reported.

10.     PSC also violated 15 U.S.C. § 1681g by refusing to provide Plaintiff with his consumer report information.

11.     Plaintiff asserts FCRA claims against Trulieve on behalf of himself and others to whom Trulieve did not provide a lawful disclosure or from whom Trulieve did not obtain written authorization prior to procuring their consumer report, along with those who were not provided pre-adverse action notice, copy of their report and summary of rights before being subjected to an adverse employment action.

12.     Plaintiff asserts FCRA claims against PSC on behalf of himself and a class consisting of consumers whose consumer reports were released by PSC without a valid certification from the user that it had complied with the FCRA's disclosure requirements *before* PSC released the consumer's report and would comply with 15 U.S.C. § 1681b(b)(3), if applicable; consumers upon whom PSC reported public record information likely to have an adverse effect on such consumer's employment but to whom PSC failed to provide at-the-time

notification the information was being reported and to whom it was being reported; and consumers requested but denied access to information contained in their consumer reports.

13.    In Counts I and II, Plaintiff asserts a FCRA claim under 15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii) on behalf of a "Background Check Class" consisting of:

> **All employees and job applicants in the United States subject of a consumer report obtained by Trulieve for employment purposes but to whom Trulieve did not provide a lawful disclosure or from whom Trulieve did not obtain written authorization prior to procuring the report in the two years preceding the filing of this action through the date of final judgment.**

14.    In Count III, Plaintiff asserts a FCRA claim under 15 U.S.C. § 1681b(b)(3)(A) on behalf of an "Adverse Action Class," consisting of:

> **All Trulieve applicants and employees in the United States against whom adverse employment action was taken, based, in whole or in part, on information contained in a consumer report obtained within five years preceding the filing of this action through the date of final judgment, who were not provided notice, a copy of their report or summary of rights pursuant to § 1681b(b)(3)(A).**

15.    In Count IV, Plaintiff asserts a FCRA claim under 15 U.S.C. §§ 1681b(b)(1)(A)(i)-(ii) against Personal Security Concepts, LLC on behalf of a "Certification Class" consisting of:

> **All employees and job applicants in the United States who were the subject of a consumer report furnished by Personal Security Concepts, LLC without first obtaining a valid certification of compliance as required by 15 U.S.C. § 1681b(b)(1)(A)(i) from the user of the report within five years of the filing of this action through the date of final judgment.**

16.    In Count V, Plaintiff asserts a claim against Personal Security Concepts, LLC on behalf of a "FCRA § 1681k Class" initially defined as:

> **All applicants and employees (a) who were the subject of a Personal Security Concepts, LLC consumer report issued within the five (5) years preceding the filing of this action through the date of final**

**judgment, (b) that was furnished for an employment purpose, (b) that contained at least one public record likely to have an adverse effect on employment, (c) to whom Personal Security Concepts, LLC did not place in the United States mail postage pre-paid a written § 1681k(a)(1) notice on the day it adjudicated the report.**

17. In Count VI, Plaintiff asserts a FCRA claim against Personal Security Concepts, LLC on behalf of a "FCRA § 1681(g) Class initially defined as:

> **All consumers who were subject of a Personal Security Concepts, LLC consumer report issued within the (5) years preceding the filing of this action through final judgment that were denied access to their consumer reports or the information from which it was derived.**

18. On behalf of themselves and the putative classes, Plaintiff seeks statutory damages, costs and attorneys' fees, and other appropriate relief under the FCRA.

## THE PARTIES

19. Individual and representative Plaintiff, Logan Lyttle ("Plaintiff") is a member of the putative Background Check, Adverse Action, Certification, § 1681k and § 1681(g) classes defined below.

20. Trulieve is a corporation and user of consumer reports as contemplated by the FCRA, at 15 U.S.C. § 1681b.

21. PSC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and provides consumer reports to users for employment purposes.

## JURISDICTION AND VENUE

22. This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331.

23. Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, because the underlying events occurred in or near Tampa, Florida.

## ALLEGATIONS REGARDING DEFENDANT TRULIEVE'S BUSINESS PRACTICES

### *Trulieve's Use of Background Checks*

24.     Trulieve conducts background checks job applicants as part of a standard screening process.  Trulieve also conducts background checks on existing employees from time-to-time during the course of their employment.

25.     Trulieve does not perform these background checks in-house.  Trulieve uses a consumer reporting agency to obtain this information and report it to Trulieve.

### *Trulieve's FCRA Violations Relating to Background Check Class*

26.     Trulieve procured a consumer report on Plaintiff in violation of the FCRA.

27.     Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

> (i)     *a clear and conspicuous disclosure* has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

> (ii)    the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report.

15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii) (*emphasis added*).

28.     Trulieve did not provide consumers a clear and conspicuous disclosure before procuring consumer reports.

29.     Trulieve did not have a stand-alone FCRA disclosure form consisting solely of a disclosure.

30.     Trulieve did not obtain written authorization from applicants before procuring their consumer reports.

31.     Providing notice to consumers is a critical component of the FCRA, evidenced by the fact the FCRA also contains several other notice provisions, including 15 U.S.C. § 1681b(b)(3)(a) (pre-adverse action).[1]

32.     The purpose of FCRA notice provisions, including § 1681b(b)(2)(A)(i), is to put consumers on notice that a consumer report may be prepared.  This gives consumers the opportunity to exercise substantive rights conferred by the FCRA or other statutes, allowing consumers the opportunity to ensure accuracy, confidentiality and fairness in the use of their personal, private information.

33.     Without clear notice that a consumer report is going to be procured, applicants and employees are deprived of the opportunity to make informed decisions or otherwise assert protected rights.

34.     Using a FCRA disclosure that is not "stand alone" violates the plain language of the statute, and flies in the face of unambiguous case law and regulatory guidance from the Federal Trade Commission ("FTC").

35.     Trulieve knowingly and recklessly disregarded case law and regulatory guidance and willfully violated 15 U.S.C. § 1681b(b)(2)(A) by procuring consumer report information  on consumers without complying with the disclosure and authorization requirements of the statute.  Trulieve's violations were willful because Trulieve knew it was required to use a stand-alone disclosure form prior to obtaining and using a consumer report on the putative class members.

36.     Trulieve's conduct is also willful because:

      a.     Trulieve is a large and sophisticated employer with access to legal advice

---

[1] *See, e.g.*  15 U.S.C. § 1681b(4)(B)(notice of national security investigation); § 1681c(h) (notification of address discrepancy); § 1681g (full file disclosure to consumers); § 1681k(a)(1) (disclosure regarding use of public record information); § 1681h (form and conditions of disclosure; and § 1681m(a) (notice of adverse action).

through its own attorneys and there is no evidence it determined its own conduct was lawful;

b.   Trulieve knew or had reason to know that its conduct was inconsistent with published FCRA guidance interpreting the FCRA, case law and the plain language of the statute; and

c.   Trulieve voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

37.   Trulieve acted in a deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Background Check class members.  Trulieve knew or should have known about its legal obligations under the FCRA.  These obligations are well established in the plain language of the FCRA, in promulgations of the FTC and in established case law.  Trulieve had access to materials and resources advising them of their duties under the FCRA.  Any reasonable employer of Trulieve's size and sophistication knows or should know about FCRA compliance requirements.

### Trulieve's FCRA Violations Relating to Adverse Action Class

38.   The FCRA states "in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates . . . a copy of the report[.]" 15 U.S.C. § 1681b(b)(3)(A)(i).

39.   Trulieve typically does not provide consumers advanced notice, a copy of their consumer report or summary of rights before using their consumer reports as a basis for an adverse employment action.

40.   Trulieve violated 15 U.S.C. § 1681b(b)(3)(A), which requires that all employers who use consumer reports provide notice,  a copy of the report, and summary of rights to the affected consumer before any adverse action is taken.

41.     By failing to provide Plaintiff and other putative class members with the information required by 15 U.S.C. § 1681b(b)(3)(A) before taking adverse employment action against them based on the information contained in such reports, Trulieve willfully disregarded unambiguous regulatory guidance and the plain language of the statute.   15 U.S.C. § 1681b(b)(3)(A).

### PSC's FCRA Violations Relating to the
### Putative Certification, 1681k and 1681g Classes

42.     Congress has recognized consumer reporting agencies like PSC have assumed a vital role in assembling information on consumers, and therefore implemented the FCRA to ensure credit reporting agencies "exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." *15 U.S.C. § 1681.*

43.     In accordance with Congress' findings, a consumer reporting agency may only furnish a consumer report for employment purposes if the user has certified its compliance with 15 U.S.C. § 1681b(b)(2)(A) *before* the report is furnished and certifies future compliance with 15 U.S.C. § 1681b(b)(3), if applicable.  *15 U.S.C. §§ 1681b(b)(1)(A)(i)-(ii).*

44.     The certification requirement reads, in pertinent part:

(1)  **Certification from user** A consumer reporting agency may furnish a consumer report for employment purposes **only** if –

**(A)** the person who obtains such report from the agency certifies to the agency that –

(i) the person has complied with paragraph (2) with respect to the consumer report, and the person will comply with paragraph (3) with respect to the consumer report if paragraph (3) becomes applicable.

*15 U.S.C. § 1681b(b)(1)(A)(i).*

45.     A consumer reporting agency that furnishes consumer reports used for employment purposes without receiving the requisite certification of FCRA compliance from the

user is furnishing the consumer report unlawfully.   *15 U.S.C. §§ 1681b(b)(1)(A)(i)-(ii).*   The paragraphs referenced in § 1681b(b)(1)(A)(i) include the stand-alone disclosure, written authorization and pre-adverse action requirements set forth in §§ 1681b(b)(2)(A)(i)-(ii) and § 1681b(b)(3).

46.   The purpose of the certification requirement is to ensure users of consumer reports for employment purposes follow the statutory framework created by Congress to safeguard consumers' rights to notice, privacy and information.

47.   PSC furnished consumer reports to Trulieve and other employment-purpose users without obtaining the required certification of compliance.

48.   It is illegal for a consumer reporting agency to furnish a consumer report for employment purposes unless the consumer reporting agency has received the FCRA-mandated certification of FCRA compliance from the user.   In fact, compliance with the certification requirement provides the *only* lawful means for a consumer reporting agency to furnish a consumer report for employment purposes.   Consequently, PSC had no permissible purpose to release Plaintiff's consumer report.

49.   A consumer reporting agency that furnishes consumer reports for employment purposes and compiles public record information likely to have an adverse effect upon a consumer's ability to obtain employment is required to 1) notify the consumer it is reporting such information and to whom it is being reported, or 2) maintain strict procedures to ensure the accuracy of information being reported.   PSC did not satisfy either requirement.   15 U.S.C. § §1681k(a)(1)-(2).

50.   A consumer reporting agency is required to provide consumers access to their consumer reports and the sources of the information from which it was derived. 15 U.S.C. §

1681g.  By refusing to provide Plaintiff a copy of his consumer report, PSC failed to satisfy this requirement.

### *How Trulieve and PSC Violated Plaintiff's Rights*

51.     In or around April 2019, Plaintiff applied for employment with Trulieve.

52.     Trulieve procured Plaintiff's consumer report for an employment purpose rom PSC.

53.     The purported FCRA disclosure presented to Plaintiff did not clearly and conspicuously disclose to Plaintiff that Trulieve intended to procure his consumer report for employment purposes from a consumer reporting agency.

54.     Plaintiff did not know the nature and scope of Trulieve's investigation into his background.

55.     Plaintiff did not provide Trulieve with written authorization to obtain his consumer report for employment purposes.

56.     PSC illegally sold Plaintiff's consumer report to Trulieve, since it did so without certification from Trulieve that it had provided Plaintiff with a compliant FCRA disclosure, obtained his written authorization and would comply with § 1681b(b)(3), if applicable.

57.     Plaintiff was conditionally offered employment by Trulieve.

58.     Truelieve obtained Plaintiff's consumer report from PSC.  Based on the contents of the consumer report, Trulieve rescinded the job offer and rejected Plaintiff's application for employment.

59.     Trulieve did not provide Plaintiff notice of its intent to rescind its offer of employment, a copy of his background check or a summary of his rights before rescinding the offer.

60.     After being rejected for employment, Plaintiff was worried about the contents of his consumer report, whether it was accurate and how it would impact his future employment prospects.

61.     Plaintiff spent hours researching whether Trulieve had violated his rights by rescinding its job offer.

62.     On September 9, 2019, Plaintiff called PSC and spoke to Mr. Oliver Leong. Plaintiff requested a copy of his consumer report.  Mr. Leong acknowledged PSC had provided Plaintiff's consumer report to Trulieve.

63.     Plaintiff requested a copy of his consumer report.

64.     PSC refused to provide Plaintiff a copy of the consumer report  it had provided to Trulieve. PSC informed Plaintiff "it was not [PSC's] responsibility."

65.     Subsequently, Christina Phillips, Retail Regional Human Resources Manager for Trulieve, contacted Plaintiff. Ms. Phillips admitted Trulieve mistakenly denied Plaintiff employment in April 2019 based on his consumer report.

66.     If Trulieve had provided Plaintiff with pre-adverse action notice, a copy of his consumer report and summary of rights in April of 2019, Plaintiff could have clarified any confusion and would have started his career at Trulieve.  However, Trulieve did not afford Plaintiff the opportunity to address any concerns with his consumer report or plead his case before rejecting him for employment.

## CLASS ACTION ALLEGATIONS

67.     In Count I and II, pursuant to Federal Rules of Civil Procedure 23, Plaintiff brings this action for himself and on behalf of a Background Check Class (the "Class"), defined as:

> **All employees and job applicants in the United States subject of a consumer report obtained by Trulieve for employment purposes but to whom Trulieve did not provide a lawful disclosure or from whom**

> **Trulieve did not obtain written authorization prior to procuring the report in the two years preceding the filing of this action through the date of final judgment.**

68.     In Count III, pursuant to Federal Rules of Civil Procedure 23, Plaintiff brings this

action for himself and on behalf of an Adverse Action Class (the "Adverse Class"), defined as:

> **All Trulieve applicants and employees in the United States against whom adverse employment action was taken, based, in whole or in part, on information contained in a consumer report obtained within five years preceding the filing of this action through the date of final judgment, who were not provided notice, a copy of their report or summary of rights pursuant to § 1681b(b)(3)(A).**

69.     In Count IV, Pursuant to Federal Rules of Civil Procedure 23, Plaintiff brings this

action for himself and on behalf of a "Certification Class" defined as:

> **All employees and job applicants in the United States who were the subject of a consumer report furnished by Personal Security Concepts, LLC without first obtaining a valid certification of compliance as required by 15 U.S.C. § 1681b(b)(1)(A)(i) from the user of the report within five years of the filing of this action through the date of final judgment.**

70.     In Count V, Pursuant to Federal Rules of Civil Procedure 23, Plaintiff brings this

action for himself and on behalf of a "FCRA § 1681k Class" defined as:

> **All applicants and employees (a) who were the subject of a Personal Security Concepts, LLC consumer report issued within the five (5) years preceding the filing of this action through the date of final judgment, (b) that was furnished for an employment purpose, (b) that contained at least one public record likely to have an adverse effect on employment, (c) to whom Personal Security Concepts, LLC did not place in the United States mail postage pre-paid a written § 1681k(a)(1) notice on the day it adjudicated the report.**

71.     In Count VI, Pursuant to Federal Rules of Civil Procedure 23, Plaintiff brings this

action for himself and on behalf of a "FCRA § 1681g Class" defined as:

> **All consumers who were subject of a Personal Security Concepts, LLC consumer report issued within the (5) years preceding the filing of this action through final judgment that were denied access to their**

**consumer reports or the information from which it was derived**.

72.    Numerosity:    The members of the putative Background Class, Adverse Action and Certification classes are so numerous that joinder of all Class members is impracticable. Defendant Trulieve regularly obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently rely on such information, in whole or in part, in the hiring process.   Plaintiff is informed and believes that during the relevant time period there are hundreds of Trulieve's employees and prospective employees that satisfy the definition of the putative classes.  Defendant PSC regularly furnishes consumer reports to employers, who rely on such information, in whole or in part, in the hiring process.   Plaintiff is informed and believes that during the relevant time period Defendant PSC furnished thousands of consumers that satisfy the definition of the putative Certification Class.

73.    Typicality:    Plaintiff's claims are typical of those of the members of the putative classes.  Defendant Trulieve typically uses consumer reports to conduct background checks on employees and prospective employees.   Defendant PSC regularly furnishes consumer reports to employers, who rely on such information, in whole or in part, in the hiring process.   The FCRA violations suffered by Plaintiff are typical of those suffered by other members of the putative classes.

74.    Adequacy:    Plaintiff is a member of and will fairly and adequately protect the interests of the putative classes, and has retained counsel experienced in complex class action litigation.

75.    Commonality:  Common questions of law and fact exist as to all members of the putative classes, and predominate over any questions solely affecting individual members of the putative classes.  These common questions include, but are not limited to:

14

a.    whether Defendant Trulieve uses consumer report information to conduct background checks on employees and prospective employees;

b.    whether Defendant Trulieve's background check practices and/or procedures comply with the FCRA;

c.    whether Defendant Trulieve violated the FCRA by procuring consumer report information without making proper disclosures in the format required by the statute;

d.    whether Defendant Trulieve violated the FCRA by procuring consumer report information based on invalid authorizations;

e.    whether Defendant Trulieve violated the FCRA by taking adverse action against Plaintiff and other members of the Adverse Class that was based on information in a consumer report, without providing pre-adverse action notice, a copy of their consumer report, or summary of FCRA rights;

f.    whether the disclosures PSC provided to applicant failed to meet the requirements of the FCRA;

g.    whether Defendant PSC violated the FCRA by furnishing consumer reports to users for employment purposes without valid certifications from such users; and

h.    the proper measure of statutory damages.

76.    This case is maintainable as a class action because prosecution of actions by or against individual members of the putative classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for the Defendants. Further, adjudication of each individual Class member's claim as separate action would potentially be dispositive of the interest of other individuals not a party to such action, thereby impeding their ability to protect their interests.

77.    This case is also maintainable as a class action because Defendants acted or refused to act on grounds that apply generally to the putative classes.

78.    Class certification is also appropriate because questions of law and fact common to the putative classes predominate over any questions affecting only individual members of the

putative classes, and also because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.   Defendants' conduct, which is described herein, stems from common and uniform policies and practices, resulting in common violations of the FCRA.   Members of the putative classes do not have an interest in pursuing separate actions against the Defendants, as the amount of each Class member's individual claim for damages is small in comparison to the expense and burden of individual prosecution.  Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendants' practices.   Moreover, management of this action as a class action will not present any foreseeable difficulties.  In the interests of justice and judicial efficiency, it would be desirable to  concentrate the litigation of all putative class members' claims in a single action, brought in a single forum.

79.     Plaintiff intends to send notice to all members of the putative classes to the extent required by Federal Rules of Civil Procedure 23.   The names and addresses of the putative class members are readily available from Defendants' records.

### COUNT I
**Failure to Make Proper Disclosure in**
**Violation of FCRA 1 5  U.S.C. § 1681b(b)(2)(A)(i)**
**(Against Trulieve, Inc.)**

80.     Plaintiff alleges and incorporates by reference the allegations set forth in paragraphs 1, 3, 4-5, 11, 13, 18-20, 22-37, 51-67, and 72-79.

81.     The FCRA disclosure Trulieve required the Background Check Class to complete as a condition of its employment with Trulieve does not satisfy the disclosure requirements of 15 U.S.C. § 1681b(b)(2)(A)(i) because Trulieve failed to provide a stand-alone document as to the consumer report information being obtained and utilized.

*Plaintiff's First Concrete Injury under § 1681b(b)(2)(A)(i): Informational Injury*

82.     Plaintiff suffered a concrete informational injury because Trulieve failed to provide Plaintiff with information to which he was entitled to by statute, namely a stand-alone FCRA disclosure form.  Through the FCRA, Congress created a new right – the right to receive the required disclosure as set out in the FCRA – and a new injury – not receiving a stand-alone disclosure.

83.     Pursuant to § 1681b(b)(2)(A)(i), Plaintiff was entitled to receive certain information at a specific time, namely a disclosure that a consumer report may be procured for employment purposes in a document consisting solely of the disclosure.  Such a disclosure was required to be provided to Plaintiff *before* the consumer report was to be procured.  By depriving Plaintiff of this information, in the form and at the time he was entitled to receive it, Trulieve injured Plaintiff and the putative class members he seeks to represent.

84.     Trulieve violated the FCRA by procuring consumer reports on Plaintiff and other Background Check Class members without first making proper disclosures in the format required by 15 U.S.C. § 1681b(b)(2)(A)(i).  Namely, these disclosures had to be made: (1) before Trulieve actually procured consumer reports, and (2) in a stand-alone document, clearly informing Plaintiff and other Background Check Class members that Trulieve might procure a consumer report on each of them for purposes of employment.  The required disclosures were not made, causing Plaintiff an informational injury.

85.     Trulieve's failure to provide Plaintiff and the putative classes with a lawful disclosure created a risk of harm that Plaintiff and members of the putative class would be confused or not understand Trulieve was procuring their consumer reports for employment purposes.

*Plaintiff's Second Concrete Injury under § 1681b(b)(2)(A)(i): Invasion of Privacy*

86.     Trulieve invaded Plaintiff's right to privacy.  Under the FCRA, "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless" it complies with the statutory requirements (*i.e.*, disclosure and authorization) set forth in 15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii).

87.     The FCRA created a statutory cause of action akin to invasions of privacy and intrusions upon seclusion, harms recognized as providing the basis for lawsuits under English and American law.  Trulieve invaded Plaintiff's privacy and intruded upon Plaintiff's seclusion by procuring a consumer report on him and viewing his private and personal information without any legal basis to do so.

88.     The foregoing violations were willful.  At the time Trulieve violated 15 U.S.C. § 1681b(b)(2)(A)(i), Trulieve knew it was required to provide a stand-alone disclosure and obtain written authorizaiotn prior to obtaining a consumer report on Plaintiff and the putative class.  A plethora of authority, including both case law and FTC opinions, existed at the time of Trulieve's violations on this very issue.  Trulieve's willful conduct is also reflected by, among other things, the following facts:

      a.    Trulieve is a large corporation with access to legal advice through its own general counsel's office and outside employment counsel, and there is not contemporaneous evidence that it determined that its conduct was lawful;

      b.    Trulieve knew or had reason to know that their conduct was inconsistent with published FTC guidance interpreting the FCRA and the plain language of the statute; and

      c.    Trulieve voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

89.     Plaintiff and the Background Check Class are entitled to statutory damages of not less than one hundred dollars ($100.00) and not more than one thousand dollars ($1,000.00) for

each and every one of these violations under 15 U.S.C. § 1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. § 1681n(a)(2).

90.     Plaintiff and the Background Check Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. § 1681n(a)(3).

WHEREFORE, Plaintiff, on behalf of himself and the putative class, prays for relief as follows:

      a.     determining that this action may proceed as a class action;

      b.     designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the putative class;

      c.     issuing proper notice to the putative class at Defendant's expense;

      d.     awarding statutory damages as provided by the FCRA, including punitive damages, to members of the putative class; and

      e.     awarding reasonable attorneys' fees and costs as provided by the FCRA.

**COUNT II**
**Failure to Obtain Proper Authorization in**
**Violation of FCRA 15 U.S.C. § 1681b(b)(2)(A)(ii)**
**(Against Trulieve, Inc.)**

91.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs 1, 3-4, 6, 11, 13, 18-20, 22-37, 51-67 and 72-79.

92.     Trulieve violated the FCRA by procuring consumer reports relating to Plaintiff and other Background Check Class members without proper authorization.

93.     The authorization requirement under 15 U.S.C. § 1681b(b)(2)(A)(ii) follows the disclosure requirement of § 1681b(b)(2)(A)(i) and presupposes that the authorization is based upon a valid disclosure.  "After all, one cannot meaningfully authorize his employer to take an action if he does not grasp what that action entails."

***Plaintiff's First Concrete Injury under § 1681b(b)(2)(A)(ii): Informational Injury***

94.     Plaintiff suffered a concrete informational injury because Trulieve failed to provide Plaintiff with information to which he was entitled to by statute, namely a stand-alone FCRA disclosure form.  Thus, through the FCRA, Congress has created a new right—the right to receive the required disclosure as set out in the FCRA—and a new injury—not receiving a stand-alone disclosure.

95.     Pursuant to § 1681b(b)(2), Plaintiff was entitled to receive certain information at a specific time, namely a disclosure that a consumer report may be procured for employment purposes in a document consisting solely of the disclosure.  Such a disclosure was required to be provided to Plaintiff before the consumer report was to be procured.  By depriving Plaintiff of this information, Trulieve injured Plaintiff and the putative class members he seeks to represent.

96.     Trulieve violated the FCRA by procuring consumer reports on Plaintiff and other Background Check Class members without first making proper disclosures in the format required by 15 U.S.C. § 1681b(b)(2)(A)(i).  Namely, these disclosures had to be made: (1) before Trulieve actually procured consumer reports, and (2) in a stand-alone document, clearly informing Plaintiff and other Background Check Class members that Trulieve might procure a consumer report on each of them for purposes of employment.

97.     Plaintiff suffered an informational injury.  Under the FCRA, "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless" it complies with the statutory requirements (i.e., disclosure and authorization) set forth in subsection 15 U.S.C. § 1681b(b)(2).

98.     Trulieve's failure to provide Plaintiff and the putative classes with a lawful disclosure created a risk of harm that Plaintiff and members of the putative classes would not

understand Trulieve was obtaining their consumer reports for employment purposes.

### *Plaintiff's Second Concrete Injury under § 1681b(b)(2)(A)(ii): Invasion of Privacy*

99.    Additionally, Trulieve invaded Plaintiff's right to privacy and intruded upon his seclusion.  Under the FCRA, a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless it complies with the statutory requirements (*i.e.*, disclosure and authorization) set forth in subsections 15 U.S.C. §§ 1681b(b)(2)(a)(i)-(ii).

100.    Trulieve did not obtain Plaintiff's written authorization before obtaining his consumer report for employment purposes.  Therefore, Trulieve illegally invaded his privacy by accessing his consumer report without a permissible purpose.  The foregoing violations were willful.  At the time Trulieve violated 15 U.S.C. § 1681b(b)(2)(A)(ii), Trulieve knew that in order for it to have authorization to obtain consumer reports on Plaintiff and the putative class members it was required to provide a lawful disclosure prior to obtaining a consumer report on Plaintiff and the putative class.  A plethora of authority, including both case law, and FTC opinions, existed at the time of Trulieve's violations on this very issue.   Trulieve's willful conduct is also reflected by, among other things, the following facts:

      a.    Trulieve is a large corporation with access to legal advice through its own general counsel's office and outside employment counsel, and there is not contemporaneous evidence that it determined that its conduct was lawful;

      b.    Trulieve knew or had reason to know that its conduct was inconsistent with published FTC guidance interpreting the FCRA and the plain language of the statute; and

      c.    Trulieve voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

101.    Plaintiff and the Background Check Class are entitled to statutory damages of not less than one hundred dollars ($100.00) and not more than one thousand dollars ($1,000.00) for

each and every one of these violations under 15 U.S.C. § 1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. § 1681n(a)(2).

102.   Plaintiff and the Background Check Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. § 1681n(a)(3).

WHEREFORE, Plaintiff, on behalf of himself and the putative class, prays for relief as follows:

     a.   determining that this action may proceed as a class action;

     b.   designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the putative class;

     c.   issuing proper notice to the putative class at Defendant's expense;

     d.   awarding statutory damages as provided by the FCRA, including punitive damages, to members of the putative class; and

     e.   awarding reasonable attorneys' fees and costs as provided by the FCRA.

<u>**COUNT III**</u>
**Failure to Provide Adverse Action Notice in**
**Violation of FCRA 15 U.S.C. § 1681b(b)(3)(A)**
**(Against Trulieve, Inc.)**

103.   Plaintiff alleges and incorporates by reference the allegations in paragraphs 1, 3, 4, 7, 11, 14, 18-20, 22-25, 38-41, 51-66, 68, and 72-79.

104.   Trulieve used a consumer report to take adverse employment action against Plaintiff and other members of the Adverse Action Class.

105.   Trulieve violated the FCRA by failing to provide Plaintiff and other Adverse Action Class members with pre-adverse action notice, a summary of their FCRA rights and a copy of their consumer report before taking such adverse action. *See* 15 U.S.C. § 1681b(b)(3)(A).

106.   The foregoing violations were willful.  Trulieve acted in deliberate or reckless

disregard of its obligations and the rights of Plaintiff and other Adverse Action Class members under 15 U.S.C. § 1681b(b)(3)(A).  Trulieve knew or should have known of its legal obligations under the FCRA.  These obligations are well established in the plain language of the statute and in the promulgations of the Federal Trade Commission.  Trulieve obtained or otherwise had available substantial written materials that apprised Trulieve of its duties under the FCRA.  Any reasonable employer knows of the existence of these FCRA mandates, or can easily discover their substance.

107.    Moreover, at the time Trulieve failed to follow 15 U.S.C. § 1681b(b)(3)(A) a plethora of FTC opinions and case law existed.

### Plaintiff's First Concrete Injury: Informational Injury

108.    Plaintiff suffered a concrete informational injury because Trulieve failed to provide Plaintiff with information to which he was entitled to by statute, namely pre-adverse action notice, before adverse action was taken.  This notice should have included all information prescribed by § 1681b(b)(3)(A), including: (i) a copy of the report; and (ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Bureau under § 1681g(c)(3) of the FCRA.

109.    Through the FCRA, Congress has created a new right—the right to receive pre-adverse notice as set out in the FCRA—and a new injury—not receiving said notice.  The Plaintiff's "inability to obtain [that] information" is therefore, standing alone, "a sufficient injury in fact to satisfy Article III." *Spokeo Inc. v. Robins,* 136 S. Ct. 1540, 1549 (2016).

### Plaintiff's Second Concrete Injury: Inability to Learn of the Contents of His Report and Tell His Side of the Story

110.    Separately from the informational injury suffered, Plaintiff and Class Members have Article III standing to pursue claims for violations of § 1681b(b)(3) because Trulieve's

failure to provide timely notice deprived Plaintiff and Class Members of the opportunity to learn about the information in their consumer report and tell Trulieve their side of the story before Trulieve took adverse action.   Thus, Plaintiff was denied the opportunity to determine if the information contained in his consumer report was indeed correct, and to understand how it might affect his future efforts to obtain employment.

111.   With these two recognized injuries directly traceable to Trulieve's failure to timely provide the notices required by § 1681b(b)(3), Plaintiff unquestionably has established Article III standing.

112.   Plaintiff and the Adverse Action Class are entitled to statutory damages of one hundred dollars ($100.00) and not more than one thousand dollars ($1,000.00) for each and every one of these violations under 15 U.S.C. § 1681n(a)(1)(A), in addition to punitive damages as the Court may allow under 15 U.S.C. § 1681n(a)(2).

113.   Plaintiff and the Adverse Action Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. § 1681n(a)(3).

WHEREFORE, Plaintiff, on behalf of himself and the putative class, prays for relief as follows:

    a.    determining that this action may proceed as a class action;

    b.    designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the putative classes;

    c.    issuing proper notice to the putative classes at Trulieve's expense;

    d.    awarding statutory damages as provided by the FCRA, including punitive damages, to members of the putative class; and

    e.    awarding reasonable attorneys' fees and costs as provided by the FCRA.

**<u>Count IV</u>**
**Failing to Obtain a Valid Certification Prior to Furnishing a Consumer**
**Report for Employment Purposes Violation of 15 U.S.C. § 1681b(b)(1)(A)(i)**
**(Against Personal Security Concepts, LLC)**

114.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs 2, 3-4, 8, 12, 15, 18-19, 21-23, 25, 42-66, 69, and 72-79.

115.     PSC willfully violated 15 U.S.C. § 1681b(b)(1)(A) because it furnished Plaintiff's consumer report, which was used for employment purposes, without a valid certification from the user that it had complied with the disclosure and notification requirements set forth in 15 U.S.C. § 1681b(b)(A)(i).

116.     PSC invaded Plaintiff's privacy by compiling Plaintiff's personal, private and sensitive information into a consumer report for employment purposes, and furnishing said consumer reports without a permissible purpose.

117.     PSC caused Plaintiff injury because the report PSC furnished was used, in whole or in part, as the basis for an adverse employment action.

118.     PSC caused Plaintiff injury because PSC permitted users of their consumer, in this case Trulieve, reports to circumvent the disclosure requirements of the FCRA when using consumer reports for employment purposes by requiring users to execute a false certification of compliance as a condition for receiving the consumer reports.

119.     PSC caused Plaintiff injury by profiting on Plaintiff's personal and sensitive information without a permissible purpose, since it illegally released his consumer report.

120.     The foregoing violations were willful.  At the time PSC violated 15 U.S.C. § 1681b(b)(1)(A), PSC knew it was requiring Trulieve to execute a false certification of compliance with 15 U.S.C. § 1681b(b)(2)(A) since PSC created and provided to consumers the unlawful disclosure.  PSC's willful conduct is also reflected by, among other things, the

following facts:

    a.   PSC knew of potential FCRA liability;

    b.   PSC is a consumer reporting agency with access to legal advice through their own general counsel's office and outside employment counsel, and there is not contemporaneous evidence that it determined that its conduct was lawful;

    c.   The FCRA's certification requirement is clearly spelled out in the plain language of the statute;

    d.   PSC knew or had reason to know that their conduct was inconsistent with published FTC guidance interpreting the FCRA and the plain language of the statute; and

    e.   PSC voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

121.    The Plaintiff and the "Certification Class" are entitled to statutory damages of not less than one hundred dollars ($100.00) and not more than one thousand dollars ($1,000.00) for each and every one of these violations under 15 U.S.C. § 1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. § 1681n(a)(2).

122.    The Plaintiffs and the "Certification Class" are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. § 1681n(a)(3).

WHEREFORE, Plaintiff, on behalf of himself and the putative "Certification Class" prays for relief as follows:

    a.   determining that this action may proceed as a class action;

    b.   designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the putative class;

    c.   issuing proper notice to the putative class at PSC's expense;

    d.   awarding statutory damages as provided by the FCRA, including punitive damages, to members of the putative class; and

    e.   awarding reasonable attorneys' fees and costs as provided by the FCRA.

**COUNT V**
**Violation of 15 U.S.C. § 1681k**
**(Against Personal Security Concepts, LLC)**

123.    Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs 2, 3-4, 9, 12, 16, 18-19, 21-23, 25, 42-66, 70, and 72-79.

124.    PSC willfully violated the FCRA, 15 U.S.C. § 1681k(a), as to the Class, because it failed to comply with § 1681k(a)(2), and yet still failed to provide the written § 1681k(a)(1) notice at the same time class member reports were provided to Trulieve.

125.    Plaintiff and class members are entitled to statutory damages of not less than one hundred dollars ($100.00) and not more than one thousand dollars ($1,000.00) for each and every one of its violations and punitive damages under 15 U.S.C. § 1681n.

126.    Plaintiff and class members are entitled to recover their costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3).

WHEREFORE, Plaintiff, on behalf of himself and the putative "FCRA § 1681k Class," Plaintiff prays for relief as follows:

        a.    determining that this action may proceed as a class action;

        b.    designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the putative class;

        c.    issuing proper notice to the putative class at PSC's expense;

        d.    awarding statutory damages as provided by the FCRA, including punitive damages, to members of the putative class; and

        e.    awarding reasonable attorneys' fees and costs as provided by the FCRA.

**COUNT VI**
**Violation of 15 U.S.C. § 1681g**
**(Against Personal Security Concepts, LLC)**

127.    Plaintiff alleges and incorporates by reference the allegations in the preceding

paragraphs 2, 3-4, 10, 12, 17-19, 21-23, 25, 42-66, and 71-79.

128.    PSC willfully violated 15 U.S.C. § 1681g(a) by refusing to provide consumers with access to their consumer report and information from which it was derived.

129.    Plaintiff and class members are entitled to statutory damages of not less than one hundred dollars ($100.00) and not more than one thousand dollars ($1,000.00) for each and every one of its violations and punitive damages under 15 U.S.C. § 1681n.

130.    Plaintiff and class members are entitled to recover their costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3)

WHEREFORE, Plaintiff, on behalf of himself and the putative "FCRA § 1681g Class," Plaintiff prays for relief as follows:

        a.  determining that this action may proceed as a class action;

        b.  designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the putative class;

        c.  issuing proper notice to the putative class at PSC's expense;

        d.  awarding statutory damages as provided by the FCRA, including punitive damages, to members of the putative class; and

        e.  awarding reasonable attorneys' fees and costs as provided by the FCRA.

## **DEMAND FOR JURY TRIAL**

Plaintiff and the putative classes demand a trial by jury.

Dated this 17th day of September, 2019.

/s/ *Marc R. Edelman*
MARC R. EDELMAN, ESQ.
Fla. Bar No. 0096342
MORGAN & MORGAN, P.A.
201 N. Franklin Street, Suite 700
Tampa, FL 33602
Telephone 813-223-5505
Fax:  813-257-0572
MEdelman@forthepeople.com
*Attorney for Plaintiff*