## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

LOGAN LYTTLE, on his own behalf and
on behalf of all similarly situated
individuals,

      Plaintiff,

                                    Case No.: 8:19-cv-02313-CEH-TGW

v.

TRULIEVE, INC., a Florida Profit
Corporation, and PERSONAL SECURITY
CONCEPTS, LLC, a Florida Limited
Liability Company,

      Defendant.

_____/

## DEFENDANT TRULIEVE, INC.'S MOTION TO DISMISS COUNTS I AND II OF PLAINTIFF'S COMPLAINT AND SUPPORTING MEMORANDUM OF LAW

Defendant Trulieve, Inc. ("Defendant") hereby moves pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Counts I and II of Plaintiff's Complaint because Plaintiff lacks standing. Further, Count II fails to state a claim upon which relief can be granted in accordance with *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007).

## I.   INTRODUCTION

Plaintiff Logan Lyttle ("Plaintiff") alleges three counts against Defendant: Count I is a class claim alleging that Defendant failed to provide disclosures in the proper format before obtaining a consumer report under the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681 *et seq.*; Count II is a class claim alleging Defendant failed to obtain proper

authorization under the FCRA; and Count III is a class claim alleging Defendant failed to provide a proper adverse action notices under the FCRA.

Counts I and II should be dismissed because Plaintiff lacks standing. Nothing within the Complaint suggests that Plaintiff or the putative class members experienced any real-world harm arising from Defendant's Disclosure and Authorization forms as necessary to establish standing. Plaintiff received all the information required under the FCRA, but merely objects to the format of the information. Plaintiff's conclusory allegations do not rise to the level of a concrete injury required by *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016), as revised (May 24, 2016). Absent a real-world harm flowing directly from the alleged improper *format*, Plaintiff's Complaint cites nothing more than technical procedural violations that are incapable of supporting Article III jurisdiction.

Additionally, Count II should be dismissed as Plaintiff has not alleged any defect in the authorization to obtain a consumer report that Defendant obtained from Plaintiff.

## ARGUMENT

### A.    Legal Standards

"In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff[.]" *Jacob v. Seterus, Inc.*, No. 2:13-cv-220, 2014 U.S. Dist. LEXIS 6261, WL 201675, at *2 (M.D. Fla. Jan. 17, 2014) (citations omitted). However, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Bell v. J.B. Hunt Transp., Inc.*, 427 Fed. App'x 705, 707 (11th Cir. 2011) (quoting *Jackson v. BellSouth Telecomm'ns*, 372 F.3d 1250, 1263 (11th Cir. 2004) (internal

quotation marks omitted)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[M]ere conclusory statements do not satisfy *Twombly*'s . . . standard." *Jacobs v. Biando*, No. 13–13405, 592 Fed. App'x 838, 841 (11th Cir. Nov. 24, 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Therefore, a court must dismiss a complaint for failure to state a claim when the complaint is based on conclusory statements, rather than allegations of specific facts.

Under Rule 12(b)(1), this Court must grant a motion to dismiss if it lacks subject matter jurisdiction. For subject matter jurisdiction to exist, Plaintiff bears the burden of establishing Article III standing. *See Spokeo*, 136 S. Ct. at 1547 ("plaintiff, as the party invoking federal jurisdiction, bears the burden" of establishing the "irreducible constitutional minimum" of standing). "[S]tanding is both plaintiff-specific and claim-specific." *Ford v. Strange*, 580 Fed. App'x 701, 708 (11th Cir. 2014).

**B.     The Court May Properly Consider Defendant's FCRA Background Check Forms.**

On a Rule 12(b)(6) motion, a court may consider not only the allegations in the Complaint, but also "documents central to or referenced in the complaint. . ." *La Grasta v. First Union Sec., Inc*., 358 F.3d 840, 842 (11th Cir. 2004). The Eleventh Circuit has stated as follows:

> [W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment.

*Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citation omitted). Importantly, a "**court need not accept as true factual allegations that are contradicted by documents central to the claims**." *Reed v. CRST Van Expedited, Inc.*, No. 8:17-cv-199-T- 27TBM, 2017 U.S. Dist. LEXIS 192668, at *3 (M.D. Fla. Nov. 20, 2017). "Indeed, when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Griffin Indus. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007). For these reasons, to the extent the allegations in Plaintiff's Complaint are contradicted by documentary evidence incorporated herein, the documents control. *Id.* at 1205-6.

The Complaint alleges Defendant failed to comply with the FCRA's disclosure and authorization requirements. The Complaint affirmatively references the disclosure and authorizations forms numerous times. Because the forms are "central" to Plaintiff's FCRA claims – and in fact are indispensable to such claims – they may and should be considered by the Court at this stage. The forms are attached to this motion as Exhibit A.

**C.      Plaintiff has not alleged any concrete injury and accordingly lacks standing to bring the claims alleged in Counts I and II.**

To establish Article III standing, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct. at 1547. To satisfy the "injury in fact" requirement, a plaintiff must allege facts sufficient to show that she suffered "an invasion of a legally protected interest that is concrete and particularized

and actual or imminent, not conjectural or hypothetical." *Id.* at 1548 (citations and quotations omitted). To satisfy the "concrete" element, an injury must be real and not abstract or hypothetical. *Id.*

Courts apply greater scrutiny to cases that allege intangible harms, such as those Plaintiff alleges in the instant action, in relation to the disclosure claims (Count I) and the authorization claims (Count II). A plaintiff cannot automatically satisfy the injury in fact requirement just because "a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.*, quoted in *Dreher v. Experian Info. Sol., Inc.*, 856 F.3d 337, 344 (4th Cir. 2017). Thus, "[o]ne cannot allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement." *Dreher*, 856 F.3d at 344; (holding that standing was lacking where plaintiff's injury was solely the denial of "specific information to which [he] w[as] entitled under the FCRA"). As explained in *Spokeo*, "[a] violation of one of the [FCRA's] procedural requirements may result in no harm." 136 S. Ct. at 1550. Put another way, without a real-world harm flowing from the alleged violation, it is a mere technical violation incapable of supporting Article III jurisdiction.

When a plaintiff's standing is predicated on a violation of a statutorily created right, his standing to sue turns on whether such a right is substantive or merely procedural. *Gause v. Med. Bus. Consultants, Inc.*, No. 8:18-CV-1726-EAK-AAS, 2019 WL 6716635, at *6 (M.D. Fla. Dec. 12, 2019). While a statutory right to information may be substantive, "[a] statutory right to receive that information *in a particular format* is procedural." *Gause v. Med. Bus. Consultants, Inc.*, No. 8:18-CV-1726-EAK-AAS, 2019 WL 6716635, at *14

(M.D. Fla. Dec. 12, 2019) citing *Landrum v. Blackbird Enterprises, LLC*, 214 F. Supp. 3d 566, 571 (S.D. Tex. 2016) (Lake, J.) (emphasis in original).[1] In other words, a plaintiff does not suffer an informational injury if he receives the information required to be disclosed even if the information is not in the correct form. See *Jones v. Salvation Army*, No. 3:18-CV-804-J-32JRK, 2019 WL 6051437, at *9 (M.D. Fla. Nov. 15, 2019).

The disclosure requirements of the FCRA contain both a form and content component. As to content, the FCRA provides that the disclosure must contain a clear and conspicuous disclosure that a consumer report may be obtained for employment purposes. As to form, the disclosure must be in the form of a "document that consists solely of the disclosure." 15 U.S.C.A. § 1681b(2)(B)(i). Here there can be no dispute that the first sentence of Defendant's form clearly and conspicuously discloses all the information that is required to be disclosed under the FCRA - that Defendant may "request background information about [Plaintiff] from a consumer reporting agency in connection with [Plaintiff's] employment application and for employment purposes." See Exhibit A.[2] Accordingly, Plaintiff's claim depends upon whether Defendant's disclosure is in the proper form i.e. is Defendant's disclosure in a "stand-alone FCRA disclosure form consisting solely of a disclosure?" See Complaint ¶ 29. As this challenge relates to the form

---

[1] While courts have found standing to sue based on a wholesale failure to receive information required by a statute, courts have not found the same when the underlying violation was based solely on a mere procedural right. See *Landrum*, 214 F. Supp. 3d at 571. "[T]o the extent that a violation of a procedural right has no effect on the substantive right, the bare procedural violation does not cause an injury of the sort that, alone, would support standing." *Id.*

[2] As explained above, the Court is not required to accept Plaintiff's conclusory allegations that "Trulieve did not provide consumers a clear and conspicuous disclosure before procuring consumer reports" (Complaint ¶ 28) when such statement is contradicted by a document central to Plaintiff's claims. *Reed v. CRST Van Expedited, Inc.*, No. 8:17-cv-199-T- 27TBM, 2017 U.S. Dist. LEXIS 192668, at *3 (M.D. Fla. Nov. 20, 2017).

of the disclosure, it is insufficient to confer standing.

Such a finding is consistent with other precedent. The Supreme Court has also drawn a sharp distinction between violations of rights that are substantive (*i.e.*, the right to receive information required by a statute) and those that are procedural (*i.e.*, the right to receive information in the precise **form** required by a statute). *Compare Fed. Election Comm'n v. Akins*, 524 U.S. 11, 20-25 (1998) (involving substantive rights) *with Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009) (involving procedural rights); *see Landrum v. Blackbird Ent., LLC*, 214 F. Supp. 3d 566, 572 (S.D. Tex. 2016). Countless other district courts have agreed that procedural violations are insufficient to establish standing in cases where the plaintiff asserted a violation of the FCRA's standalone disclosure requirement. Defendant respectfully requests that the Court find the same. *See*, *e.g.*, *Stacy v. Dollar Tree Stores, Inc.*, 274 F. Supp. 3d 1355, 1364 (S.D. Fla. 2017) (finding that the failure to provide a stand-alone disclosure under the FCRA was insufficient to create standing); *Dyson v. Sky Chefs, Inc.*, No. 16-cv-3155, 2017 U.S. Dist. LEXIS 92637, *9-*17 (N.D. Tex. Jun. 16, 2017)(finding no informational injury); *LaFollette v. Robal, Inc.*, No. 16-cv-2592, 2017 U.S. Dist. LEXIS 47144, *8-*11, *8 n.2 (N.D. Ga. Mar. 30, 2017) (same, and collecting cases finding no informational injury).

Plaintiff's attempts to allege an "invasion to his right to privacy" similarly do not create standing. (Complaint, ¶¶ 86 and 99). Plaintiff cannot dispute Defendant complied with the substantive requirements of the FCRA. Defendant provided Plaintiff with the information required to be disclosed and then required that Plaintiff authorize Defendant in writing to obtain a consumer report. In short, Plaintiff's invasion of privacy argument is

based on the same alleged procedural violations of the FCRA. *See Stacy v. Dollar Tree Stores, Inc.*, 274 F. Supp. 3d 1355, 1364 (S.D. Fla. 2017) ( "when an employee consents to a background check, [his] claim of a privacy injury necessarily requires an underlying informational injury"). Accordingly, Plaintiff's alleged invasion of privacy injury is insufficient to confer standing.[3]

Because Plaintiff cannot meet his burden of demonstrating how he and the putative class members suffered a particularized and concrete harm necessary to establish standing under Article III, Counts I and II should be dismissed for lack of subject matter jurisdiction.

**D.     The Court Should Dismiss Count II with Prejudice Because Defendant's FCRA Authorization Form, on its Face, Complies with the FCRA's Authorization Requirements.**

Count II of Plaintiff's Complaint alleges that Defendant failed to obtain proper authorization before obtaining a consumer under 5 U.S.C. § 1681b(b)(2)(A)(ii).[4] In Count II, Plaintiff attempts to create a second violation of the FCRA based on the same allegedly deficient disclosure upon which Plaintiff bases his claims in Count I.[5]

---

[3] Further, Plaintiff has not alleged that he did not want Defendant to obtain a consumer report or that he otherwise would have changed his course of conduct had Defendant provided a "stand-alone" disclosure, further demonstrating the lack of injury to Plaintiff.

[4] It is not clear from the Complaint whether Plaintiff is alleging that he never signed any authorization or that he signed an authorization but the authorization was deficient under the FCRA. Compare Complaint ¶ 55, 93, and 100. Exhibit A is a copy of the authorization form Plaintiff signed. Defendant does not believe that the authenticity of Exhibit A is at issue. As discussed above, the Disclosure form is both referred to in the Complaint and central to Plaintiff's claims. Accordingly, this Court may properly consider the form in connection with this Motion to Dismiss.

[5] In moving to dismiss Count II, Defendant seeks to clarify that even if the authorization is later found to be deficient, any deficiency results in only one violation of the FCRA for purposes of determining statutory

The FCRA provides two separate preconditions that an employer must comply with prior to obtaining a consumer report. Section 1681b(b)(2)(A)(i) requires that the employer provide certain disclosures in a document consisting solely of the disclosure. Section 1681b(b)(2)(A)(ii) requires that the employer receive written authorization before obtaining a consumer report for employment purposes.

In Count II of the Complaint, Plaintiff claims that Defendant's alleged first violation of the disclosure requirement of the FCRA also result in a second violation of the separate authorization requirement. Such a claim is not supported by the plain language of Section 1681b(b)(2)(A)(ii) or the greater weight of the case law.[6] Under Section 1681b(b)(2)(A)(ii) of the FCRA, all that is required in terms of the authorization is that the consumer authorize in writing the procurement of the consumer report. The authorization provision sets forth no requirements about the form in which the authorization must be presented to Defendant's job applicants. *Luna v. Hansen & Adkins Auto Transp., Inc.*, 313 F. Supp. 3d 1151, 1160 (C.D. Cal. 2018). In *Luna*, the court found that an authorization was proper even though the authorization was contained in an employment application with "extraneous" information such as a liability release and other information. Other courts have similarly held that a violation of the disclosure requirements do not result in a separate violation of the authorization requirement. *See, e.g.*, *Cunha v. IntelliCheck, LLC*, 2017 WL 2311316, at *3-4 (N.D.Cal.  May 26, 2017) (dismissing FCRA authorization  claim  under

_____

damages.

[6] Defendant acknowledges the court's ruling in *Speer*, but requests that it reconsider based on the cited caselaw to the contrary. *Speer v. Whole Food Mkt. Grp., Inc.*, No. 8:14-CV-3035-T-26TBM, 2015 WL 1456981, at *3 (M.D. Fla. Mar. 30, 2015)

Section 1681b(b)(2)(A)(ii) because plaintiff admitted he signed the authorization despite concurrent finding of a violation of the FCRA's disclosure requirement); *Milbourne v. JRK Residential Am., LLC*, 2016 U.S. Dist. LEXIS 33608, at *33-35(E.D. Va. March 14, 2016) (same); *Rawlings v. ADS Alliance Data Sys.*, 2015 WL3866885, at *6-7 (W.D. Mo. June 23, 2015) (same).

Here, the authorization signed by Plaintiff clearly authorized Defendant to obtain a consumer report for employment purposes. To wit, the authorization states:

> By my signature below, I consent to the release of consumer reports and investigative consumer reports prepared by a consumer reporting agency such as HireRight, Inc. to Trulieve (the "Company") and its designated representatives and agents.

Exhibit A

Plaintiff signed this Authorization form on April 1, 2019, as evidenced by his signature and written date on the form. *Id.*

Plaintiff does not allege the authorization form itself violates the law. He instead claims only that because (allegedly) the *disclosure* form required under 5 U.S.C. § 1681b(b)(2)(A)(**i**) failed to comply with the FCRA's requirements, therefore the authorization he provided was not "proper authorization." Complaint ¶ 93. Count II relies on the identical allegations as Count I, that the disclosure provided by Defendant violated the FCRA and attempts to create two claims out of one allegedly deficient disclosure.

## **CONCLUSION**

For the above reasons, Defendant respectfully requests that the Court dismiss

counts I and II of the Complaint.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of December, 2019, I electronically

served the foregoing with the Clerk of the Court by using the CM/ECF system, upon all

parties receiving notice through the CM/ECF system. I further certify that there are no

non-CM/ECF parties.

Respectively submitted,

*/s/ Janet Goldberg McEnery*
JANET GOLDBERG McENERY,
ESQUIRE
Florida Bar No.: 960380
Email: jmcenery@stearnsweaver.com
ANDREW W. McLAUGHLIN, ESQUIRE
Florida Bar No.: 96454
Email: amclaughlin@stearnsweaver.com
STEARNS WEAVER MILLER,
WEISSLER, ALHADEFF & SITTERSON,
P.A.
401 E. Jackson Street, Suite 2100 (33602)
Post Office Box 3299
Tampa, Florida 33601
Telephone: (813) 223-4800
Facsimile: (813) 222-5089
Attorneys for Defendant Trulieve, Inc.

#7989527 v2