**IN THE UNITED STATES DISTRICT COURT
FOR MIDDLE DISTRICT OF FLORIDA
TAMPA CIVIL DIVISION**

LOGAN LYTTLE, on his own behalf
and on behalf of all similarly situated individuals,

    Plaintiff,

v.

TRULIEVE, INC., a Florida Profit Corporation, and
PERSONAL SECURITY CONCEPTS, LLC,
a Florida Limited Liability Company,

    Defendants.
_____/

**Case No.:  8:19-CV-2313-CEH-TGW**

## **ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT**

Defendant Trulieve, Inc. answers the Complaint as follows:

1. Admitted that Plaintiff was an applicant for employment; otherwise denied.

2. Denied.

3. The FCRA speaks for itself; to the extent a response is required, denied.

4. Denied.

5. Denied.

6. Denied.

7. Admitted that Plaintiff was not hired by Trulieve; otherwise denied.

8. Denied.

9. Denied.

10. Denied.

11. Admitted that Plaintiff purports to bring these claims as alleged; otherwise denied including that Trulieve violated any law or that class certification is proper.

12. Admitted that Plaintiff purports to bring these claims as alleged; otherwise denied including that PSC violated any law or that class certification is proper.

13. Admitted that Plaintiff purports to bring these claims as alleged; otherwise denied including that class certification is proper.

14. Admitted that Plaintiff purports to bring these claims as alleged; otherwise denied including that class certification is proper.

15. Admitted that Plaintiff purports to bring these claims as alleged; otherwise denied including that class certification is proper.

16. Admitted that Plaintiff purports to bring these claims as alleged; otherwise denied including that class certification is proper.

17. Admitted that Plaintiff purports to bring these claims as alleged; otherwise denied including that class certification is proper.

18. Admitted that Plaintiff purports to seek statutory damages, costs and attorneys' fees; otherwise denied including that Plaintiff is entitled to any relief.

19. Denied.

20. Admitted that Trulieve is a corporation; otherwise denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. The FCRA speaks for itself; to the extent a response is required, denied.

28. Denied.

29. Denied.

30. Denied.

31. The FCRA speaks for itself; to the extent a response is required, denied.

32. The FCRA speaks for itself; to the extent a response is required, denied.

33. The FCRA speaks for itself; to the extent a response is required, denied.

34. The FCRA speaks for itself; to the extent a response is required, denied.

35. Denied.

36. Denied.

37. Denied.

38. The FCRA speaks for itself; to the extent a response is required, denied.

39. Denied.

40. The FCRA speaks for itself; to the extent a response is required, denied.

41. Denied.

42. The FCRA speaks for itself; to the extent a response is required, denied.

43. The FCRA speaks for itself; to the extent a response is required, denied.

44. The FCRA speaks for itself; to the extent a response is required, denied.

45. The FCRA speaks for itself; to the extent a response is required, denied.

46. The FCRA speaks for itself; to the extent a response is required, denied.

47. Denied.

48. The FCRA speaks for itself; to the extent a response is required, denied.

49. The FCRA speaks for itself; to the extent a response is required, denied.

50. The FCRA speaks for itself; to the extent a response is required, denied.

51. Admitted.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Admitted that Trulieve offered employment to Plaintiff; otherwise denied.

58. Admitted that Trulieve rescinded its job offer to Plaintiff; otherwise denied.

59. Denied.

60. Trulieve is without knowledge or information sufficient to form a belief about the truth of the paragraph 60 and accordingly denies the same.

61. Trulieve is without knowledge or information sufficient to form a belief about the truth of the paragraph 61 and accordingly denies the same.

62. Trulieve is without knowledge or information sufficient to form a belief about the truth of the paragraph 62 and accordingly denies the same.

63. Trulieve is without knowledge or information sufficient to form a belief about the truth of the paragraph 63 and accordingly denies the same.

64. Trulieve is without knowledge or information sufficient to form a belief about the truth of the paragraph 64 and accordingly denies the same.

65. Admitted that Trulieve told Plaintiff he was not disqualified from employment with respect to the background screening requirements; otherwise denied.

66. Defendant is without knowledge or information sufficient to form a belief about Plaintiff's speculation as to what he could have done and accordingly denies the same; otherwise denied.

67. Admitted that Plaintiff purports to bring these claims as alleged; otherwise denied including that class certification is proper.

68. Admitted that Plaintiff purports to bring these claims as alleged; otherwise denied including that class certification is proper.

69. Admitted that Plaintiff purports to bring these claims as alleged; otherwise denied including that class certification is proper.

70. Admitted that Plaintiff purports to bring these claims as alleged; otherwise denied including that class certification is proper.

71. Admitted that Plaintiff purports to bring these claims as alleged; otherwise denied including that class certification is proper.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Trulieve is without knowledge or information sufficient to form a belief about Plaintiff's intent and accordingly denies the same. Admit that Trulieve has names and addresses of some applicants and its employees; otherwise denied.

80. Defendant adopts and incorporates by reference its responses to the allegations set forth in paragraphs 1, 3, 4-5, 11, 13, 18-20, 22-37, 51-67, and 72-79.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. The FCRA speaks for itself. To the extent a response is required, denied.

87. The FCRA speaks for itself; otherwise denied.

88. Denied.

89. Denied.

90. Denied.

91. Defendant adopts and incorporates by reference the allegations in the preceding paragraphs 1, 3-4, 6, 11, 13, 18-20, 22-37, 51-67 and 72-79.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. The FCRA speaks for itself; otherwise denied.

98. Denied.

99. The FCRA speaks for itself; otherwise denied.

100. The FCRA speaks for itself; otherwise denied.

101. Denied.

102. Denied.

103. Defendant adopts and incorporates by reference its responses to the allegations in paragraphs 1, 3, 4, 7, 11, 14, 18-20, 22-25, 38-41, 51-66, 68, and 72-79.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Defendant adopts and incorporates by reference its responses to the allegations in the preceding paragraphs 2, 3-4, 8, 12, 15, 18-19, 21-23, 25, 42-66, 69, and 72-79.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Defendant adopts and incorporates by reference the allegations in the preceding paragraphs 2, 3-4, 9, 12, 16, 18-19, 21-23, 25, 42-66, 70, and 72-79.

124. Denied.

125. Denied.

126. Denied.

127. Defendant adopts and incorporates by reference its responses to the allegations in the preceding paragraphs 2, 3-4, 10, 12, 17-19, 21-23, 25, 42-66, and 71-79

128. Denied.

129. Denied.

130. Denied.

## GENERAL DENIAL

Defendant, Trulieve, Inc., further pleads that any and all allegations of Plaintiff's Complaint which are not expressly admitted herein are hereby denied. Further, Defendant, Trulieve, Inc., denies that Plaintiff is entitled to any of the damages sought herein.

## AFFIRMATIVE DEFENSES

The following defenses are asserted by Defendant Trulieve, Inc. without shifting the applicable burden of proof.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has not suffered any injury in fact and accordingly lacks standing to bring his claims under Article III of the Constitution.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's proposed classes include claims that are outside the statute of limitations. Trulieve denies that class certification is proper, but to the extent that any class is certified, the class must be limited to those claims within the statute of limitations under the Fair Credit Reporting Act.

## THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff claims Trulieve willfully violated the FCRA, which Trulieve denies, any violation was not willful because Trulieve's interpretation of the FCRA is not objectively unreasonable including Trulieve's belief that the reports at issue are not consumer reports subject to the FCRA or that the information contained in its forms was improper. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 70 (2007).

## FOURTH AFFIRMATIVE DEFENSE

To the extent any of Plaintiff's claims are based on a theory of negligence, any damages suffered by the Plaintiff should be apportioned in accordance with the fault or legal responsibility of all other parties, persons, agents, or entities, who caused such damages based upon evidence as presented at trial.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his damages by unreasonably refusing an offer of employment from Trulieve.

### SIXTH AFFIRMATIVE DEFENSE

Trulieve has insufficient information or knowledge upon which to form a belief as to whether it may have additional affirmative defenses available and reserves the right to assert any such affirmative defenses in the event that discovery indicates they are proper.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of May, 2020, I electronically served the foregoing with the Clerk of the Court by using the CM/ECF system, upon all parties receiving notice through the CM/ECF system. I further certify that there are no non-CM/ECF parties.

/s Andrew W. McLaughlin
JANET GOLDBERG MCENERY
Florida Bar No. 960380
ANDREW W. MCLAUGHLIN
Florida Bar No. 96454
STEARNS WEAVER MILLER WEISSLER
 ALHADEFF & SITTERSON, P.A.
Post Office Box 3299
Tampa, Florida 33601
Telephone: 813-223-4800
Facsimile: 813-222-5089
Primary: amclaughlin@stearnsweaver.com
Secondary: tmetcalf@stearnsweaver.com

GLENN BURHANS, JR.
Florida Bar No. 605867
STEARNS WEAVER MILLER WEISSLER
 ALHADEFF & SITTERSON, P.A.
106 East College Avenue – Suite 700
Tallahassee, Florida 32301
Telephone: 850-329-4850
Primary: gburhans@stearnsweaver.com
Secondary: cabbuhl@stearnsweaver.com

*Counsel for Defendant Trulieve, Inc.*