UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOGAN LYTTLE, on his
own behalf and on behalf of all
similarly situated individuals,

      Plaintiff,

v.                                   Case No.: 8:19-cv-02313-CEH-TGW

TRULIEVE, INC.,
a Florida Profit Corporation, and
PERSONAL SECURITY CONCEPTS, LLC,
a Florida Limited Liability Company,

      Defendants.

_____/

**PLAINTIFF'S MOTION FOR SANCTIONS AGAINST TRULIEVE, INC.**

## I.    INTRODUCTION

Trulieve or its counsel ("Trulieve") has committed a fraud on this Court, doctoring evidence submitted to support an early-filed Motion for Summary Judgment and withholding documents it represented to the Court had been produced.[1]  Specifically, Trulieve removed red highlighting from the e-mail transmitting Plaintiff's background check from Personal Security Concepts, LLC ("PSC") to Trulieve, presumably to corroborate the *only* defense raised– that Plaintiff's background check was not a "consumer report."  Trulieve filed the doctored e-mail as an attachment to PSC President Mr. Oliver Leong's declaration. (Dkt. 49, 49-1).  Subsequently, Mr. Leong testified in his transmittal correspondence to Trulieve, he highlighted in red "Florida Criminal History Found* - see attached."  Mr. Leong further testified he did not recall seeing *any* of the exhibits that were attached to his declaration.  Whoever filed the doctored e-mail did so in

_____

[1] The Court will ultimately determine the responsible party.

support of the argument that PSC was not a consumer reporting agency because it did not evaluate background checks.

Trulieve not only doctored the e-mail, it withheld the Level 1 Background Screening Form it submitted to PSC to order Plaintiff's background check.  Like the doctored e-mail, this was not an oversight or the produce of a routine discovery dispute.  Trulieve had represented to the Court it had provided Plaintiff the communications and e-mail chain transmitting Plaintiff's background check.  The Level 1 Background Screening Form is incorporated into the fabric of Plaintiff's background check; it was attached to the first e-mail of the referenced e-mail chain and triggered PSC to conduct Plaintiff's background search.  Trulieve withheld the document because it is strong evidence PSC assembled and evaluated information, *i.e.* acted as a consumer reporting agency.

Trulieve perpetuated the fraud to present an alternate and more favorable reality to the Court.  If Plaintiff had not conducted third party discovery, Trulieve's misconduct would not have been exposed.  Plaintiff moves the Court to find Trulieve acted in bad faith, invoke its inherent sanction powers, and punish Trulieve for its misconduct.

## II.   FACTS

**1.     Trulieve's Summary Judgment Motion**

On September 17, 2019 Plaintiff filed his Class Action Complaint alleging Defendants Trulieve, Inc. and Personal Security Concepts, LLC, the vendor from whom Trulieve procured Plaintiff's background check, had committed multiple FCRA violations.  Thereafter, the Court granted the parties a stay to explore early resolution. (Dkt. 53).  The parties were unable to reach an agreement, and the stay was lifted on April 16, 2020. (Dkt. 36).  On June 3, 2020, Plaintiff served discovery.   Less than three weeks later, Defendant Trulieve moved for summary

judgment. (Dkt. 48).   The motion's introductory paragraph summarized Trulieve's *only* argument:

> "Summary judgment must be granted and the claims against Trulieve, Inc. dismissed with prejudice because Plaintiff cannot establish a critical element of the claim; that Personal Security Concepts, LLC ("PSC") is a "credit reporting agency" within the meaning of the Fair Credit Reporting Act ("FCRA"). The undisputed facts demonstrate PSC is not a credit reporting agency because it did not assemble or **evaluate** a consumer report." (emphasis added)

(Dkt. 48 – P.1).   In support, Trulieve attached a declaration from Mr. Oliver Leong, PSC's President. (Dkt. 49)   As an exhibit, Trulieve attached the April 2, 2019 e-mail correspondence between itself and Mr. Leong by which PSC transmitted Plaintiff's background check. (Dkt. 49-1, Pp. 1-2)   The relevant portion is inserted below:



**From:** Oliver Leong <olnfl@yahoo.com>
**Sent:** Tuesday, April 2, 2019 11:53 AM
**To:** Lauren Douglas <Lauren.Douglas@trulieve.com>
**Cc:** Carter Myers <Carter.Myers@trulieve.com>; Shannon Donovan <Shannon.Donovan@trulieve.com>; Grow Payroll <Grow.Payroll@trulieve.com>; Retail Payroll <Retail.Payroll@trulieve.com>; Payroll Admin <Admin.Payroll@trulieve.com>; Tim Morey <Tim.Morey@trulieve.com>
**Subject:** Re: Level One Document

Attached are the results for Logan Richard Lyttle (Call Center).

*Florida Criminal History Found* - see attached.
Valid Class E license with no restrictions.
No Sex Offender record found.

**Oliver Leong**
President

**Personal Security Concepts LLC**
1664-1 Metropolitan Circle
Tallahassee, FL 32308
850-656-9400
Mon-Fri 9am-5pm

After Trulieve moved for summary judgment, Plaintiff filed a Motion for Deferment of Response to, and Ruling Upon, Defendant's Motion for Summary Judgment. (Dkt. 54).  Trulieve responded, boasting it had already provided Plaintiff "tailored discovery that bears upon the pending motion for summary judgment." (Dkt. 55, Pp. 2, 5).  Trulieve represented Plaintiff had been provided, *inter alia*, the "communications between PSC and Trulieve concerning Plaintiff "including the email chain transmitting the public records and PSC's invoice." (Dkt. 55, P.2). On July 7, 2020, the Court granted Plaintiff's Motion for Deferment, noting discovery should be conducted to determine whether "PSC 'constitutes a consumer reporting agency,' which is the subject of Defendant's summary judgment motion." (Dkt. 57, P. 3).

**2.      Third Party Discovery Reveals Alteration and Withholding of Key Documents**

On August 28, 2020, Plaintiff's Counsel took the deposition of PSC's designated corporate representative, Mr. Leong. (Dkt. 61-3).  Concurrent with the deposition, PSC produced the [un-doctored] April 2, 2019 e-mail chain between PSC and Trulieve transmitting Plaintiff's background check. (Dkt. 61-3, P. 81).[2]  The difference between the two April 2, 2019 e-mails is striking.    The original e-mail from Mr. Leong to Trulieve contained unmistakable red highlighting.    However, the red highlighting was removed from the [altered] e-mail Trulieve attached to Mr. Leong's declaration.  The original, [un-doctored] April 2, 2019 e-mail from Mr. Leong to Trulieve is reproduced below:

---

[2] Mr. Leong testified he forwarded the April 2, 2019 e-mail to Trulieve on September 9, 2019.  Thus, the same e-mail had twice been sent to Trulieve.



PSC/Lyttle 000004 1/2

Mr. Leong authenticated the highlighted April 2, 2019 e-mail as the email he sent to Trulieve transmitting Plaintiff's background check, explaining he had highlighted the criminal history section in red in conformance with his regular practice when he determines an applicant has a criminal history, a suspended license or is a registered sex offender. (Dkt. 61-3, Pp. 19-23).[3]  Mr. Leong further testified he reviewed his declaration before he signed it but did not recall seeing any attachments at that time. (Dkt. 61-3, Pp. 35-36).

At the deposition, Mr. Leong also produced the order form from Trulieve to PSC requesting Plaintiff's background check:

---

[3] Mr. Glenn Burhans and Mr. Andrew McLaughlin, Truelieve's Counsel, were present during Mr. Leong's deposition.   Mr. Burhans objected during Mr. Leong's testimony about the red highlighting on Plaintiff's background check. (Dkt. 61-3, Pp. 23, 13-18).



The Level 1 Background Screening Form was by nature a "communication" between Trulieve and PSC and inherently intertwined with Plaintiff's background check. The form (attached to an April 1, 2019 e-mail) was the instrument by which Trulieve ordered Plaintiff's background check, and PSC's receipt of the form caused PSC to commence investigating Plaintiff's background. Any inquiry into whether PSC is a consumer reporting agency begins (or ends) with the Level 1 Background Screening Form.

### 3.      The Importance of the Order Form and April 2, 2019 E-mail

The Court observed in its Order granting Plaintiff's Motion for Deferment, "the means by which certain reports were compiled, interpreted and transmitted" is directly relevant to whether PSC is a consumer reporting agency. (Dkt. 57, p. 3).  Trulieve's lynchpin defense (and only defense raised in its summary judgment motion) is that PSC is not a consumer reporting agency. Pursuant to 15 U.S.C. § 1681a(f), a consumer reporting agency is defined as:

> The term "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, **regularly engages** in whole or in part in the practice of **assembling or evaluating** consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports. (emphasis from Truelieve's Motion for Summary Judgment – Dkt. 48, P. 7).

Critical to the analysis is whether PSC "regularly engages in whole or in part in the practice of assembling or evaluating" consumer information."  **The Level 1 Background Screening Form** (emphasis in original), utilizes terms including "Background Check" and "Background Screening," words commonly associated with consumer reporting agencies.[4]  The form also contains a box for summarizing the results of the background search.  Thus, The Level 1 Background Screening Form is powerful evidence PSC is a consumer reporting agency, assembling and evaluating consumer information for third parties.

Concomitantly, the highlighted April 2, 2019 e-mail (Dkt. 61-3, P. 81) is compelling evidence PSC "evaluated" Plaintiff's background check before it was transmitted to Trulieve, placing PSC squarely within the definition of a consumer reporting agency.  Removing the highlighting masks the evaluative nature of the correspondence attached to Plaintiff's background check results, enhancing Trulieve's position PSC was *not acting* as a consumer

---

[4] In Trulieve's Motion for Summary Judgment, Trulieve never uses these terms when addressing its relationship with PSC.

reporting agency when it transmitted Plaintiff's background check.  The importance of the April 2, 2019 e-mail cannot be understated – the Court's determination on whether PSC "evaluated or assembled" consumer information is dispositive.

A ruling by the Court that PSC did not "evaluate or assemble consumer information," would most likely result in summary judgment to Trulieve.  Conversely, summary judgment might be granted in Plaintiff's favor if the Court were to conclude PSC acted a consumer reporting agency.[5]  Inescapably, the Level 1 Background Screening Form and April 2, 2019 e-mail would be the primary focal points of the Court's analysis of PSC's status as a consumer reporting agency.

**4.     Trulieve Committed Fraud on the Court**

If Plaintiff had not deposed PSC's corporate representative, the fraud would not have been exposed.  Plaintiff and the Court would not have known the existence of PSC's Level 1 Background Screening Form – a form created by PSC, containing terms commonly associated with consumer reporting agencies and a box for summarizing investigation results.   No differently, neither Plaintiff nor the Court would have learned PSC highlights negative findings in red or that red highlighting had been removed from the April 2, 2019 e-mail, *i.e.* the e-mail had been altered before being produced by Trulieve.

These were not innocent mistakes.  The evidence that was altered and withheld was done so to corroborate the *only* defense Trulieve raised in its summary judgment motion.  If Plaintiff had not engaged in third party discovery or PSC had not produced the unaltered e-mail or the Level 1 Background Screening Form, the interests of justice would have been subverted.  The Court would have been duped into ruling on a dispositive issue framed within the context of

---

[5] Plaintiff has retained an expert on this issue and intends to file its own summary judgment motion at the conclusion of discovery.

Trulieve's false reality.  Trulieve's ill-intentioned conduct was intended to obtain a quick and favorable outcome, in complete disregard for the integrity of the judicial process.  For this, the Court must punish Trulieve.

### III.    THE COURT'S SANCTIONS POWER

A sister court in the Northern District of Alabama recently defaulted a defendant for altering critical documents. *Roche Diagnostics Corp., v. Priority Healthcare Corp*., 2020 WL 2308310 (N.D. Ala. May 8, 2020).  Concluding the *only* case-ending sanctions are appropriate for doctoring evidence, the Court observed the defendant could not provide any authority for a less severe sanction:

> In this case, Defendants cite to no examples of any court that failed to issue case-ending sanctions once the court conclusively determined that a party produced doctored evidence.   "When a party fabricates a document or provides false evidence relating to a key issue in a case, courts have made it clear that the appropriate sanction is the ultimate sanction of dismissal."  *Access Innovators, LLC v. Usha Martin, LLC*, No. 1:09-cv-2893, 2010 WL 11508119, at *3, 2010 U.S. Dist. LEXIS 152303, at *9 (N.D. Ga. Apr. 28, 2010). *See also Vargas*, 901 F. Supp. At 1581 (finding that case-ending sanctions are especially appropriate "where a party manufactures evidence which purports to corroborate its substantive claims"); *Franklin Livestock, Inc. v. Boehringer Ingelheim Vetmedica, Inc.*, 251 F. Supp. 3d 962, 970 (E.D.N.C. 2017) *aff'd*, 721 F. App'x 263, 263 (4th Cir. 2018) (entering default judgment even after a defendant, on its own, admitted that it had doctored evidence and subsequently produced the authentic evidence); *Chemtall, Inc.*, 992 F. Supp. At 1410; *McDowell*, No. 95-00609, 1996 WL 684140 at *9-10, 1996 U.S. Dist. LEXIS 19558 at *27 (M.D. Fla. Nov. 4, 1996); *Qantum*, 473 F. Supp. 2d at 1269 ("the need for sanctions is heightened when the misconduct relates to the pivotal or linchpin issue in the case," and such misconduct "militates heavily in favor of the severe sanction of default.").

*Roche Diagnostics Corp., v. Priority Healthcare Corp*., 2020 WL 2308310, at *10. Fundamentally, this case is no different from *Roche Diagnostics*.  Whether Trulieve doctored one document (or 100 documents) is irrelevant - Trulieve intended to conceal and misrepresent

the truth, striking "at the very foundations of the adversary system and the judicial process." See *In re Sealed Case*, 754 F.2d 395, 401 (D.C. Cir. 1985).

## IV.   <u>CONCLUSION</u>

A fraud has been committed on the Court.  Trulieve attempted to undermine the Court's ability to determine facts and administer justice by withholding and altering critical evidence to corroborate its defenses.  The Court should find Trulieve acted in bad faith and pursued a course of conduct intended to undermine the judicial process.  The Court should invoke its full sanctioning powers to punish Trulieve, entering a default judgment against it to deter future misconduct.

Dated this 5th day of October, 2020.

*/s/ Marc R. Edelman* _____
**MARC R. EDELMAN, ESQ.**
Fla. Bar No. 0096342
**MORGAN & MORGAN, P.A.**
201 N. Franklin Street, Suite 700
Tampa, FL 33602
Telephone 813-223-5505
Fax:  813-257-0572
MEdelman@forthepeople.com
*Attorney for Plaintiffs*

## <u>RULE 3.01(G) CERTIFICATION</u>

Pursuant to Local Rule 3.01(g), Plaintiff's Counsel conferred telephonically with Mr. Andrew McClaughlin prior to filing this motion, who denies he or his client have engaged in any misconduct.  By e-mail, Mr. Burhans has denied the allegations and opposes the relief requested.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been provided via electronic transmission and/or via U.S. Mail on this 5th day of October, 2020, to the following:

Janet Goldberg McEnery, Esq.
Andrew W. Mclaughlin, Esq.
STEARNS WEAVER MILLER,
WEISSLER, ALHADEFF & SITTERSON,
P.A.
401 E. Jackson Street, Suite 2100 (33602)
Tampa, Florida 33601
jmcenery@stearnsweaver.com
amclaughlin@stearnsweaver.com
*Counsel for Defendant Trulieve, Inc.*

Glenn Burhans, Jr., Esq.
STEARNS WEAVER MILLER,
WEISSLER, ALHADEFF & SITTERSON,
P.A.
106 East College Avenue, Suite 700
Tallahassee, FL  32301
gburhans@stearnsweaver.com
*Counsel for Defendant Trulieve, Inc.*


/s/ *Marc R. Edelman*
**MARC R. EDELMAN, ESQ.**