IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOGAN LYTTLE, on his own behalf and
on behalf of all similarly situated
individuals,

    Plaintiff,

v.

    Case No: 8:19-cv-02313-CEH-TGW

TRULIEVE, INC., a Florida Profit
Corporation,

    Defendant.
_____/

## DEFENDANT TRULIEVE, INC.'S MOTION TO DISMISS COUNTS I AND II OF THE COMPLAINT AND SUPPORTING MEMORANDUM OF LAW

Plaintiff testified that he (i) understood—based upon the disclosure form provided to him—that Defendant Trulieve would obtain a background check[1] on him in connection with his prospective employment; and (ii) that he authorized Trulieve to do so. As such, Plaintiff has suffered no injury in fact with respect to his two claims relating to lack of notice and lack of authorization under the FCRA

---

[1] For ease of reference, Trulieve uses the term "background check" to refer to the public records it received through Personal Security Concepts ("PSC") and used by Trulieve in its employment applicant screening process. Nothing in this motion should be construed as an admission that the public records are a consumer report or that PSC is a Consumer Reporting Agency under the FCRA.

1

(Counts I and II, respectively). Because of this, and for the reasons detailed below, Trulieve moves pursuant to Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure to dismiss Counts I and II of Plaintiff's Complaint because Plaintiff lacks standing.[2]

## I. **INTRODUCTION**

Plaintiff Logan Lyttle ("Plaintiff") alleges three counts against Defendant: Count I is a class claim alleging that Defendant failed to provide disclosures in the proper format before obtaining a consumer report under the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681 *et seq.*; Count II is a class claim alleging Defendant failed to obtain proper authorization under the FCRA; and Count III is a class claim alleging Defendant failed to provide proper adverse action notices under the FCRA.

Counts I and II should be dismissed because Plaintiff lacks standing. To have standing, there must be a dispute whether Defendant violated a provision of the FCRA and that the violation caused Plaintiff harm. Technical procedural

---

[2] Because Plaintiff lacks standing to bring Counts I and II, his *Motion for Class Certification* [Dkt. 61] seeking to certify a "Background Check Class" with respect to those claims must be denied as moot. To the extent Plaintiff has standing to bring Count III (adverse action claim), his motion to certify the "Adverse Action Class" must be denied for the reasons detailed in Trulieve's Response in Opposition to Plaintiff's Motion for Class Certification [Dkt. 70] and as argued at the hearing held on February 12, 2021.

violations of the FCRA without actual injury do not create Article III jurisdiction. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), as revised (May 24, 2016).

The disclosure requirements of the FCRA contain both a form and content component. As to content, the FCRA provides that the disclosure must contain a clear and conspicuous disclosure that a consumer report may be obtained for employment purposes. As to form, the disclosure must be in the form of a "document that consists solely of the disclosure." 15 U.S.C.A. § 1681b (b)(2)(B)(i). Here, there can be no dispute that the first sentence of Defendant's form clearly and conspicuously discloses all the information that is required to be disclosed under the FCRA – that Defendant may "request background information about [Plaintiff] from a consumer reporting agency in connection with his employment." Plaintiff's chief complaint is that Defendant's form allegedly contained extraneous information in violation of the FCRA provision that the disclosure be provided in a "document that consists solely of the disclosure."

Even if the disclosure did contain extraneous information, Plaintiff cannot show that the extraneous information caused any injury to him. Plaintiff admits that he understood Defendant would obtain a background check in connection with his prospective employment and that he authorized Defendant to do so.

Accordingly, Plaintiff lacks any injury as required to have standing.[3]

## II. ARGUMENT

### A. Legal Standard

Motions that challenge a party's Article III standing may be made at any time through a Rule 12(b)(1)/Rule 12(h)(3) motion to dismiss. *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 319 (9th Cir. 2017). In resolving a factual challenge to Article III standing, the court may weigh the evidence without presuming the truthfulness of the plaintiff's allegations in his complaint. *Disability Rights Fla., Inc. v. Jacobs*, 476 F. Supp. 3d 1238, 1242 (M.D. Fla. 2019) (quoting *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003)). Plaintiff bears the burden of establishing Article III standing. *See Spokeo*, 136 S. Ct. at 1547 ("plaintiff, as the party invoking federal jurisdiction, bears the burden" of establishing the "irreducible constitutional minimum" of standing). "[S]tanding is both plaintiff-specific and claim-specific." *Ford v. Strange*, 580 F. App'x 701, 708 (11th Cir. 2014). No presumptive truthfulness attaches to the plaintiff's allegations, such that the existence of disputed material facts does not preclude a court from evaluating the merits of jurisdictional claims. *Gibbons v. Weltman, Weinberg & Reis Co.*, LPA, No.

---

[3] *See Spokeo, Inc. v. Robins,* 136 S. Ct. 1540 (2016).

CV 17-1851, 2020 WL 5039316, at *4 (E.D. Pa. Aug. 26, 2020).

### B. Plaintiff has no concrete injury and accordingly lacks standing to bring the claims alleged in Counts I and II.

To establish Article III standing, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct. at 1547. To satisfy the "injury in fact" requirement, a plaintiff must show that he suffered harm that is concrete and actual or imminent. *Id.* at 1548 (citations and quotations omitted). A plaintiff cannot automatically satisfy the injury in fact requirement just because "a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.*, quoted in *Dreher v. Experian Info. Sol., Inc.*, 856 F.3d 337, 344 (4th Cir. 2017).

Although much of the prior case law on this issue divides the right to information into procedural and substantive rights, recent 11th Circuit precedent has bypassed this analysis to get to the existential question for standing – where's the harm? *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 930 (11th Cir. 2020). Under this test, the plaintiff lacks standing if he cannot show that he suffered harm as a result of the statutory violation. *Id.* at 930. Similarly, Plaintiff will find no refuge in claiming that the mere availability of a claim under the FCRA absolves

him of demonstrating actual harm sufficient to establish standing. Legislatures cannot simply create an injury in fact where there is no concrete injury. "Injury in fact is a constitutional requirement, and 'it is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing.'" *United States ex rel. v. Mortg. Inv'rs Corp.*, No. 19-12736, 2021 WL 612351, at *13 (11th Cir. Feb. 17, 2021).[4]

Here, Plaintiff alleges that Defendant violated the FCRA's stand-alone requirement by including extra information on its FCRA disclosure form. However, Plaintiff cannot show he suffered any injury as a result of this alleged extra information being included on the form, nor can he show the additional information on the form confused him or caused him to act any differently. *See Cooper v. Atlantic Credit & Finance*, 822 F. App'x 951 (11th Cir. 2020), *Carter v. Southwest Airlines, Co.*, 2020 WL 7334504 (M.D. Fla. Dec. 14, 2020).

---

[4] By contrast, in a Fair Debt Collection Practices Act, the 11th Circuit recently found harm sufficient to confer standing where a plaintiff was entitled to avoid communications concerning the collection of a debt that she did not owe, yet expended time addressing the unwarranted calls and was scared and upset by them. *Kottler v. Gulf Coast Collection Bureau, Inc.*, No. 20-12239, 2021 WL 529425, at *1 (11th Cir. Feb. 12, 2021). Because the FDCPA protected plaintiff from false representations concerning a debt the plaintiff did not owe, plaintiff was able to sufficiently allege harm to establish Article III standing (i.e., dealing with and being scared and upset by unwarranted debt collection calls). Such circumstances do not exist here.

As a threshold matter, Plaintiff admits he understood that Defendant would perform a background check on him and that he authorized Defendant to do so. See Pl. Dep. 194:9-13:

> Q. The only thing you knew was that you were signing a form authorizing Trulieve to obtain certain background information about you; isn't that correct?
>
> A. That would be correct. [Pl. Counsel objected to form]

See also Pl. Dep. 216-217:24-4:

> Q: Notwithstanding that it wasn't the easiest thing to read, you did understand that you were authorizing Trulieve to obtain information about your background such as criminal history and driving record, correct?
>
> A: Yes.

To be clear, Plaintiff was not confused—as demonstrated by his deposition testimony. Despite this, and to the extent that Plaintiff attempts to claim he was confused by the form, such confusion alone is insufficient to create an injury. *Cooper v. Atl. Credit & Fin. Inc*, 822 F. App'x 951, 955 (11th Cir. 2020) and *Carter v. Sw. Airlines Co.*, No. 8:20-CV-1381-T-02JSS, 2020 WL 7334504, at *7 (M.D. Fla. Dec. 14, 2020)(where the Court held plaintiff's conclusory allegation of confusion was

insufficient to satisfy the injury-in-fact and causation prongs to confer Article III standing).

In *Cooper*, the Eleventh Circuit reviewed an alleged violation of the Fair Debt Collection Practices Act (FDCPA) stemming from the defendant's alleged technical violation of the FDCPA where a supplemental notice of debt collection was provided in violation of that statute. *Cooper*, 822 F. App'x 951, 952. Plaintiff argued the injury she sustained from the technical violation of the FDCPA was her confusion about her statutory rights. *Id.* at 953. In affirming dismissal of plaintiff's claim for lack of standing, the Eleventh Circuit held that plaintiff's asserted injury of confusion was "conjectural" or "hypothetical" and as a result the alleged injury was insufficient to confer standing. *Id.* at 955. Alleging confusion without any plausible explanation how the confusion impeded the Plaintiff's actions is not sufficient to create Article III standing. *Id.*

Here, Plaintiff has not plead how any confusion negatively affected him. Plaintiff admits that he was able to understand the key information required to be provided by the FCRA: that Defendant was going to obtain a background check on him and that by signing the form he was authorizing Defendant to do so. Pl. Dep. 216-217:24-4.

In an effort to manufacture standing, Plaintiff claims in a self-serving, largely boilerplate affidavit that he would not have given consent for several reasons; none of which are availing:

1. He claims that he did not know that PSC would be performing the background check. Dkt. 61-1 ¶ 18.

2. He claims that Defendant represented that HireRight would perform the background check when in fact PSC performed the background check. Dkt. 61-1 ¶¶ 15 and 18.

3. He claims that he did not know that PSC and Defendant would later claim the background check was not governed by the FCRA. Dkt. 61-1 ¶ 13.

4. He claims that he did not understand he authorized Trulieve to probe so deeply into his otherwise personal and private information. Dkt. 61-1 ¶ 7.

5. He claims that he did not know that Defendant was providing him with a "misleading disclosure and obtaining [his] consent under false pretenses without intending to follow the FCRA requirements." Dkt. 61-1 ¶ 17.

None of these statements create or evidence the type of injury required to establish Article III standing as described above. Moreover, these statements misstate the requirements of the FCRA. The FCRA does not require Defendant to identify the consumer reporting agency it will use to obtain the report; it does not require Defendant to specifically identify the depth of the reports that will be acquired; and it does not require Defendant to certify to the Plaintiff that it would comply with the FCRA. Instead, the FCRA simply requires that Defendant disclose to the Plaintiff that it may obtain consumer reports regarding Plaintiff and obtain written authorization from Plaintiff to do so. 15 U.S.C. § 1681b(b)(2). Plaintiff clearly admitted on multiple occasions during his deposition that he understood Defendant was going to perform a background check on him and that he authorized Defendant to do so. Pl. Dep. 216-217:24-4 and Pl. Dep. 233:16-23. His statement that he would not have authorized Defendant to perform a background check had Defendant provided additional information not required by the FCRA does not create an injury under the FCRA.

Further, Plaintiff's statement that he would not have consented to Defendant's background check is specious. Dkt. 61-1 ¶ 7. Plaintiff admits that he has previously provided consent for multiple other employers to perform

background checks on him. *See* Pl. Dep. 28:1-8; 35:4-23; 45:12-17; 98:6-11. Plaintiff admitted that there was nothing unusual with a company conducting a background check on applicants. Pl. Dep 28:3-11. There is nothing in the record that would support Plaintiff's contention that he would not have consented to the background check had Defendant provided a disclosure and authorization with less information as he now appears to claim.[5]

Finding that Plaintiff lacks standing is not only consistent with *Muransky*, *Mortg. Inv'rs Corp.*, *Cooper*, and *Carter*, above, it is consistent with a raft of other precedent. The Supreme Court has also drawn a sharp distinction between violations of rights that are substantive (*i.e.*, the right to receive information required by a statute) and those that are procedural (*i.e.*, the right to receive information in the precise ***form*** required by a statute). *Compare Fed. Election Comm'n v. Akins*, 524 U.S. 11, 20-25 (1998) (involving substantive rights), *with Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009) (involving procedural rights);

---

[5] In addition, Plaintiff testified that he skipped over the "extra" information, Pl. Dep. 231:6-17, and he could not credibly explain how Defendant "probed so deeply" into his personal and private information by obtaining a FDLE criminal report, sex offender status check, and driver's license check. Plaintiff's testimony — that he thought Defendant was only looking to see "Did [he] murder somebody? Is [he] a sex offender? Does [he] have a license?"— exactly describes the information contained in the FDLE criminal report, state sex offender status check, and state driver's license check obtained by Defendant. Pl. Dep. 270:6-10; *see also* Pl. Dep. 269-273:24-11 (entire line of questioning regarding Plaintiff's statement in paragraph 7 of his affidavit).

11

*see Landrum v. Blackbird Ent., LLC*, 214 F. Supp. 3d 566, 572 (S.D. Tex. 2016). Countless other district courts have agreed that procedural violations dealing with the form of information are insufficient to establish standing in cases where the plaintiff asserted a violation of the FCRA's stand-alone disclosure requirement, and Defendant respectfully requests that the Court find the same. *See, e.g., Stacy v. Dollar Tree Stores, Inc.*, 274 F. Supp. 3d 1355, 1364 (S.D. Fla. 2017) (finding that the failure to provide a stand-alone disclosure under the FCRA was insufficient to create standing); *Dyson v. Sky Chefs, Inc.*, No. 16-cv-3155, 2017 U.S. Dist. LEXIS 92637, *9-*17 (N.D. Tex. Jun. 16, 2017)(finding no informational injury); *LaFollette v. Robal, Inc.*, No. 16-cv-2592, 2017 U.S. Dist. LEXIS 47144, *8-*11, *8 n.2 (N.D. Ga. Mar. 30, 2017) (same, and collecting cases finding no informational injury); *see also Carter v. Sw. Airlines Co.*, No. 8:20-CV-1381-T-02JSS, 2020 WL 7334504, at *7 (M.D. Fla. Dec. 14, 2020) (finding that plaintiff lacked standing to sue for alleged violations of the notice requirements under COBRA as the plaintiff could not show any prejudice as a result of the alleged violations); *Tsao v. Captiva MVP Rest. Partners, LLC*, No. 18-14959, 2021 WL 381948, at *5 (11th Cir. Feb. 4, 2021) (finding that a plaintiff who received a receipt with additional credit card digits in violation of the FCRA lacked standing to sue unless the plaintiff could show that he suffered

actual damages; the increased risk of fraud was not enough to meet the standard to constitute a concrete injury); *id.*, at *10 (finding that plaintiffs who did not suffer any identity theft lacked standing to sue for alleged data breach).

Plaintiff's attempts to allege an "invasion to his right to privacy" similarly do not create standing. (Complaint, ¶¶ 86 and 99). Plaintiff cannot credibly dispute that Defendant complied with the substantive requirements of the FCRA. Defendant provided Plaintiff with the information required to be disclosed and then Plaintiff admits that he authorized Defendant in writing to perform a background check. In short, Plaintiff's invasion of privacy argument is based upon the same alleged procedural violations of the FCRA that are insufficient to confer Article III standing. *See Stacy v. Dollar Tree Stores, Inc.*, 274 F. Supp. 3d 1355, 1364 (S.D. Fla. 2017) ("when an employee consents to a background check, [his] claim of a privacy injury necessarily requires an underlying informational injury"). Accordingly, Plaintiff's alleged invasion of privacy injury is insufficient to confer standing.

Because Plaintiff cannot meet his burden of demonstrating how he and the putative class members suffered a particularized and concrete harm necessary to establish standing under Article III, Counts I and II should be dismissed for lack

of subject matter jurisdiction.

### C. This case is distinguishable from the prior cases finding standing existed in FCRA claims.

Although this Court has found standing to exist in other cases involving the overinclusion of information on an FCRA form, those cases are distinguishable from the current case.[6] First, the other cases were decided before the 11th Circuit issued its opinion in *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 930 (11th Cir. 2020) and its progeny clarifying that the plaintiff must show some direct harm to have standing. *Id.* at 933. Those prior cases also pre-date *Mortg. Inv'rs Corp.*, *Carter*, and *Cooper*, above, and are against the more recent weight of authority in this District and the 11th Circuit.

Second, most of the decisions finding that a plaintiff had standing for alleged violations of the FCRA were filed during the pleadings stage when the court was required to presume the truth of the allegations of the complaint. See *Gross v. Advanced Disposal Servs., Inc.*, No. 8:17-CV-1920-T-36TGW, 2018 WL 8415650, at *8 (M.D. Fla. Dec. 10, 2018); *Moody v. Ascenda USA Inc.*, No. 16-CV-

---

[6] *Gross v. Advanced Disposal Servs., Inc.*, No. 8:17-CV-1920-T-36TGW, 2018 WL 8415650, at *8 (M.D. Fla. Dec. 10, 2018) (collecting cases involving standing based on violations of the FCRA).

60364-WPD, 2016 WL 5900216, at *4 (S.D. Fla. Oct. 5, 2016); and *Graham v. Pyramid Healthcare Sols., Inc.*, No. 8:16-CV-1324-T-30AAS, 2016 WL 6248309, at *2 (M.D. Fla. Oct. 26, 2016). Here, the Court is not required to presume the truth of the allegations in the Complaint and instead may consider evidence such as Plaintiff's own deposition testimony where he clearly states that he understood Defendant intended to perform a background check on him and consented to such check. *See* Pl. Dep. 216-217:24-4.

Finally and most importantly, Plaintiff cannot show that he suffered any injury as a result of the alleged overinclusion of information on Defendant's disclosure and authorization forms. The earlier cases finding standing relied on the alleged confusion of the plaintiff as a result of the extraneous information. *Compare Gross v. Advanced Disposal Servs., Inc.*, No. 8:17-CV-1920-T-36TGW, 2018 WL 8415650, at *8 (M.D. Fla. Dec. 10, 2018) (finding standing where the plaintiff alleged confusion), *with Stacy v. Dollar Tree Stores, Inc.*, 274 F. Supp. 3d 1355, 1365 (S.D. Fla. 2017), *and Stone v. U.S. Sec. Assocs., Inc.*, No. 1:16-CV-0371-MLB-JSA, 2018 WL 3745051, at *13 (N.D. Ga. May 31, 2018) (both finding that the plaintiff did not plead that the extraneous information caused confusion or other injury and accordingly lacked standing). Here, Plaintiff has not plausibly demonstrated any

confusion. To the contrary, Plaintiff admitted in his deposition that he knew Defendant would obtain a background check on him and authorized Defendant to do so. Pl. Dep. 216-217:24-4. Accordingly, even if Plaintiff was confused by the extraneous information on the form, he must show the confusion led to some injury. From his testimony, it is clear that there was no confusion, let alone any harm resulting from same.

### D. Plaintiff's allegations under Count III show what is missing in Counts I and II

The difference between Plaintiff's claims in Counts I and II as compared to Count III is a prime example of plausibly alleging standing and the failure to do so. In Count III, Plaintiff alleges that he was denied employment with Defendant as a result of Defendant's alleged failure to comply with the pre-adverse action requirements of the FCRA.[7] Complaint ¶ 66. While Defendant disputes the factual and legal basis for those allegations, it recognizes the plausible allegation of harm sufficient to establish Article III standing for Count III.

---

[7] Because Plaintiff refused a subsequent offer of employment from Defendant, he is subject to unique defenses and individualized issues, among a variety of defects, precluding class certification. *See Defendant's Response in Opposition to Plaintiff's Motion for Class Certification* [Dkt. 70].

16

In contrast, Plaintiff does not have any concrete injury related to his claims in Counts I and II. Unlike in Count III, Plaintiff cannot show that he suffered harm as a result of the alleged overinclusion of information in the disclosure and authorization form. He does not allege or testify that he did not understand Defendant would conduct a background check on him. He did not allege or testify that he did not agree to such a background check. In short, Plaintiff does not provide any explanation as to how the inclusion of the additional information on the disclosure form harmed him in any way. The availability of statutory damages alone is insufficient to create standing. *Hill v. Resurgent Capital Servs., L.P.*, No. 20-20563-CIV, 2020 WL 4429254, at *2 (S.D. Fla. July 31, 2020) (finding that while a statute may entitle a plaintiff to statutory damages, a plaintiff must still establish some injury to satisfy Article III standing).

## CONCLUSION

For the above reasons, Defendant respectfully requests that the Court dismiss counts I and II of the Complaint with prejudice.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of February, 2021, I electronically served the foregoing with the Clerk of the Court by using the CM/ECF system, upon all parties receiving notice through the CM/ECF system. I further certify that there are no non-CM/ECF parties.

| | |
|---|---|
| Respectfully submitted, | ANDREW W. MCLAUGHLIN |
| | Florida Bar No. 96454 |
| s/ *Glenn Burhans, Jr.* | JANET GOLDBERG McENERY |
| GLENN BURHANS, JR. | Florida Bar No. 960380 |
| Florida Bar No. 605867 | STEARNS WEAVER MILLER |
| STEARNS WEAVER MILLER | WEISSLER ALHADEFF & |
| WEISSLER ALHADEFF & | SITTERSON, P.A. |
| SITTERSON, P.A. | Post Office Box 3299 |
| 106 E. College Ave. - Suite 700 | Tampa, Florida 33601 |
| Tallahassee, Florida 32301 | Telephone: 813-223-4800 |
| Telephone: 850-329-4850 | Facsimile: 813-222-5089 |
| Primary: gburhans@stearnsweaver.com | Primary: amclaughlin@stearnsweaver.com |
| Secondary: cabbuhl@stearnsweaver.com | jmcenery@stearnsweaver.com |
| | Secondary:klee@sternsweaver.com |