# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA CIVIL DIVISION

LOGAN LYTTLE, on his
own behalf and on behalf of all
similarly situated individuals,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　Case No.: 8:19-cv-02313-CEH-TGW

TRULIEVE, INC.,

    Defendant.

_____/

# ORDER

This matter came before the Court on January 5, 2022 upon Plaintiff's Unopposed Motion for Preliminary Approval of Settlement and Notice to Settlement Class. [Dkt. 117]. Having considered the settlement, all papers and proceedings filed herein, and having reviewed the substantial record in this action, the Court finds:

On August 13, 2021, the Court granted class certification to a class of consumers defined as:

> All Trulieve applicants and employees in the United States against whom adverse action was taken, based, in whole or in part, on information contained in a consumer report obtained within two years preceding the filing of this action through the date of final judgment, who were not provided notice, a copy of their report or a summary of rights pursuant to 15 U.S.C. § 1681b(b)(3)(A).
> [Dkt. 108].

On September 8, 2021, the parties notified the Court a settlement had been

reached, pending completion of a comprehensive settlement agreement. [Dkt. 113].

On November 5, 2021, Plaintiff filed his Unopposed Motion for Preliminary Approval of Settlement and Notice to Settlement Class [Dkt. 117]. Thus, the issues before the Court are (a) whether to approve the Agreement on a preliminary basis, and (b) whether to approve the Notice of Proposed Class Action Settlement for distribution to the members of the certified class.

Under Federal Rule of Civil Procedure 23(e), the "claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23. "In determining whether to approve a proposed settlement, the cardinal rule is that the District Court must find that the settlement is fair, adequate and reasonable…" *In re: Corrugated Container Antitrust Litigation*, 643 F.2d 195, 206 (5th Cir. 1981); *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977);[1] *see also* Fed. R. Civ. P. 23(e)(2).

A strong presumption exists in favor of a settlement's fairness. *Parker v. Anderson,* 667 F.3d 1201, 1209 (5th Cir. 1982); *Cotton*, 559 F.2d at 1331. Class action settlements are "highly favored" and "will be upheld whenever possible because they are a means of amicably resolving doubts and preventing lawsuits." *Miller v. Republic Nat'l Life Ins. Co.*, 559 F.2d 426, 428 (5th Cir. 1977). The public policy favoring

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

settlement agreements is particularly strong in complex class action litigation where voluntary pretrial settlements obviate the need for expensive and time-consuming litigation. *In re United States Oil & Gas Litig.*, 967 F.2d 489, 493 (11th Cir. 1992). Absent fraud or collusion, trial courts should be hesitant to substitute their own judgment for the judgment of counsel in arriving at a settlement. *Cotton*, 559 F.2d at 1330.

The Eleventh Circuit Court of Appeals uses a six-factor test for assessing the fairness, reasonableness, and adequacy of a class settlement.  The factors are: (a) whether the settlement was a product of fraud or collusion; (b) the complexity, expense, and likely duration of the litigation; (c) the stage of the proceedings and the amount of discovery completed; (d) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (e) the possible range of recovery and the certainty of damages; and (f) the respective opinions of the participants, including class counsel, class representatives, and absent class members. *See Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984), *citing* 1982–2 Trade Cas. at 72, 106, *citing, inter alia, Container II,* 643 F.2d at 207–08; *Cotton v. Hinton,* 559 F.2d at 1330–31; *Miller v. Republic National Life Insurance Co.,* 559 F.2d 426, 428–29 (5th Cir.1977).  Based on review of the record, the manner of negotiation, and settlement agreement, the Court finds no evidence indicating that

the settlement falls outside the requirements of the Eleventh Circuit's test articulated above, and finds the settlement to be fair, adequate, and reasonable.

There is no evidence of any fraud or collusion with respect to the settlement. The docket reflects this case was heavily litigated from the onset, and at the time settlement was reached, a motion for summary judgment and a Rule 23(f) petition were pending and had been fully briefed. Moreover, the settlement was only obtained after two mediation sessions with experienced and well-respected mediators, Mr. Christopher Griffin and Mr. Carlos Burruezo.

The settlement avoids prolonged litigation and provides the Settlement Class with an opportunity for an award in the present rather than an uncertain outcome in the future. In light of the pending Rule 23(f) petition, upcoming trial and inevitable appeals, this settlement provides an opportunity for expeditious resolution and allows Settlement Class members to monetize their claims.

Each side possessed "ample information with which to evaluate the merits of the competing positions." *Ayers*, 358 F.3d at 369. The parties conducted extensive discovery and engaged in significant motion practice. As such, the parties' negotiations, and in turn the settlement, were based on realistic, independent assessments of the merits of the claims and defenses in this case.

Under the terms of the settlement agreement, each Class Member who timely submits a claim will receive a *pro rata* share of the net settlement fund.[2] It is anticipated that the award will be at or above the awards in similar cases and proportionate to the FCRA's $100-$1,000 statutory damages provision. "A proposed settlement need not obtain the largest conceivable recovery for the class to be worthy of approval; it must simply be fair and adequate considering all the relevant circumstances." *Klein v. O'Neal, Inc.*, 705 F. Supp. 2d 632, 649 (N.D. Tex. 2010). In this particular instance, the Settlement enables the Settlement Class Members to avert the burden of proving Defendant's conduct to be "willful," a requirement for any statutory damages award. The Court finds the amount of the award to be in the "reasonable" range when compared to other recent FCRA class action settlements. *See, e.g.*, *Marcum v. Dolgencorp, Inc.*; No. 3:12-cv-00108 (E.D. Va. 2014) ($53 gross payment per class member reduced by attorneys' fees and service awards paid from class settlement fund); *Knights v. Publix Super Markets, Inc.*; No. 3:14-cv-006720 (M.D. Tenn. 2014) ($48.55 paid to each class member); *Pitt v. Kmart Corp.*, No. 3:11-cv-00697 (E.D. Va. 2013) ($18 or $38 received by class members depending on date of FCRA violation).

The Settlement is supported by the parties, who believe this Settlement to be a proper conclusion following two years of prolonged litigation.

---

[2] The Settlement Fund represents a gross recovery of approximately $60.50 for each class member, subject to reduction for notice, administration and litigation costs.

The Court also finds the settlement to be fair and adequate in the context of the litigation, bringing finality, certainty and relief to the Settlement Class.

The Court preliminarily finds that attorneys' fees in the amount of $236,500.00, for which Class Counsel will seek approval, is within the reasonable range.

Based on the parties' good faith basis for the settlement, set forth in Plaintiff's Motion, the Court finds that the Settlement Agreement should be approved preliminarily.

Similarly, the Court finds that the Notice of Proposed Class Action Settlement meets the requirements of Federal Rules of Civil Procedure 23(c)(2)(B) and (e)(1) and comports with due process by clearly notifying class members of their rights, as well as a reasonable timeframe within which to exercise those rights.  Thus, the Court approves the proposed notice plan and the language of the Notice proposed by the parties.

Finally, the Court sets this case for hearing for final approval of the settlement on **August 18, 2022 at 11:00 AM**, at Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, FL 33602, Courtroom 13A.  The parties are directed to include this hearing date, time and location in the Notice to be sent pursuant to the notice plan.

The below schedule shall govern the notice to the class members.

| | |
|---|---|
| Settlement Administrator mails Notice and sets up Settlement Website ("Notice Date") | May 16, 2022 |
| Deadline for Motion for Attorney's Fees and Costs, Class Settlement Administration Costs | May 17, 2022 |
| Deadline for Objections | July 18, 2022 |
| Deadline for Opt Outs (Exclusion Requests) | July 18, 2022 |
| Deadline for Motion for Final Approval | July 28, 2022 |
| Fairness Hearing | August 18, 2022 at 11:00 a.m. |
| Deadline for Filing Claim | July 18, 2022 |

Finally, the Court sets this case for hearing for final approval of the settlement on **August 18, 2022 at 11:00 AM**, at Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, FL 33602, Courtroom 13A.  The parties are directed to include this hearing date, time and location in the Notice to be sent pursuant to the notice plan.

**DONE AND ORDERED** at Tampa, Florida on April 14, 2022.

Charlene Edwards Honeywell
United States District Judge

**COPIES FURNISHED TO:**
Counsel of Record

7