# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

LOGAN LYTTLE, on his
own behalf and on behalf of all
similarly situated individuals,

     Plaintiff,

v.                            Case No.: 8:19-cv-02313-CEH-TGW

TRULIEVE, INC.,

     Defendant.

_____/

## FINAL APPROVAL ORDER

This matter is before the Court on Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and Incorporated Memorandum of Law (Dkt. 124) and Plaintiff's Unopposed Motion for Attorneys' Fees and Costs and Direct Payment to Class Representative. (Dkt. 123). Due and adequate notice having been given to the Settlement Class as required by the Court's January 5, 2022 Order granting preliminary approval to the class action settlement (Dkt. 121) and the Court having considered all papers filed and proceedings in this action, and having received no objections to the settlement, the Court will grant Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and Plaintiff's Unopposed Motion for Attorneys' Fees and Costs and Direct Payment to Class Representative. The Court finds:

1.      This Court has jurisdiction over the claims of the members of the Settlement Class asserted in this proceeding, personal jurisdiction over the Plaintiff and Defendant, and the members of the Settlement Class, as defined in the Class Settlement Agreement and Release.

2.      Notice given to the class fully and accurately informed the Settlement Class of all material elements of the proposed settlement and of their opportunity to exclude themselves from, object to, or comment on the settlement, and to appear at the final approval hearing.  The notice was reasonable and the best notice practicable under the circumstances.  Accordingly, this Court finds that the notice program described in the Settlement Agreement and completed by American Legal Claims Services complied fully with the requirements of due process, the Federal Rules of Civil Procedure, and all other applicable laws.

3.      The Settlement Agreement is not an admission by Defendant or by any other released party, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendant or any other released party.  Neither this Order, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement Agreement, may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Defendant or any of the Released Parties.

5.      All members of the Settlement Class are bound by this Final Approval Order and by the terms of the parties' Settlement Agreement, including releases provided for in the Settlement.  As of the effective date of Settlement, by operation of

the entry of this Final Approval Order, each member of the Settlement Class, including Plaintiff, shall be deemed to have fully released, waived, relinquished and discharged, to the fullest extent permitted by law, all Released Claims that he or she may have against the Released Parties.

6.     Members of the Settlement Class were provided sufficient notice. No members of the Settlement Class opted out of the Settlement, and thus all are bound by this Order.

7.     The Court has considered all relevant factors for approving a class action settlement, namely whether the settlement is "fair, adequate and reasonable and not the product of collusion between the parties." *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984). The Court has considered "(1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved." *Bennett*, 737 F.2d at 986. The Court has concluded that all such factors weigh in favor of granting final approval.

8.     The Settlement was not a product of fraud or collusion. The Court finds that the Settlement was a product of the parties' arms-length, adversarial negotiations and accomplished after two formal mediation sessions conducted by a neutral third party. The terms of the settlement are in all respects fair, adequate, and reasonable.

9.      Trying this case would be lengthy, expensive and could result in appeals. After nearly two years of hard-fought litigation, the parties were well positioned to assess the strengths and weaknesses of this case and the benefits of the proposed Settlement Agreement.  Thus, considerations of the complexity, expense, and duration of the litigation, when viewed in context with the stage at which settlement was achieved, supports approval of the Settlement Agreement.

10.      In so finding, the Court has considered all evidence presented, including evidence regarding the strength of the Plaintiff's case; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in settlement; the extent of investigation and discovery completed; and the experience and views of Plaintiff's counsel.  The Court has also considered the absence of any objection to the settlement.

11.      The Court finds the payments to Settlement Class Members of approximately two hundred eighty dollars ($280.00) to be fair and reasonable.  The parties agreed to a claims made settlement structure, requiring class members to submit claims forms to receive their award.  The Court finds each Settlement Class Member that submitted a valid claim prior to the claim deadline will receive a significant monetary benefit of $280.00, which is in line or above awards in similar cases.  This is a very good outcome for the Settlement Class Members.  The Court, therefore, orders the payments to be made and administered in accordance with the terms of the Settlement Agreement and this Order.

10.     The Court finds that the services provided by the Settlement Administrator were for the benefit of the Settlement Class, and the actual cost of no more than $17,575.00 to be fair, reasonable, and appropriate for reimbursement.  The Court approves payment of actual costs up to $17,575.00, for administration fees, which includes all costs and fees incurred to date, as well as estimated costs and fees involved in completing the administration of the Settlement.

11.     The Court confirms Marc R. Edelman, Esq., of the law firm Morgan & Morgan, P.A., along with Luis Cabassa and Brandon Hill, of the law firm of Wentzel, Fenton and Cabassa, P.A. as Class Counsel in this action.  The Court finds that Class Counsel have demonstrated sufficient experience, knowledge, and skill to promote and safeguard the interests of the Class.

12.     The Court finds that Class Counsel's attorney's fees were negotiated after the Parties had agreed upon class relief.  To evaluate the reasonableness of attorney's fees in common fund settlements, courts in the Eleventh Circuit utilize the *Johnson* factors, including: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and the length of the professional relationship with the client; and (12) awards in similar cases. *Camden I Condominium Ass'n, Inc. v. Dunkle*, 946 F.2d

at 772 n. 3 (citing factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).  The Court, applying the *Johnson* factors, finds Class Counsel's requested fee of $236,500.00 to be reasonable.  The Court approves hourly rates of $675.00 per hour for Mr. Edelman and Mr. Cabassa, and the hourly rate of $550.00 for Mr. Hill.   Class Counsel's requested fees are supported by contemporaneous time records and the hourly rates are consistent with fees awarded to Class Counsel in similar actions.  The Court also finds Plaintiff's costs in the amount of $7,847.90 to be reasonable and approves reimbursement of such costs.

13.     The Court finds that Plaintiff Logan Lyttle was a suitable representative for the Settlement Class and confirms his appointment as the Class Representative. The Court finds that Plaintiff's commitment to the litigation and its outcome ensured adequate advocacy for the Settlement Class, and his interests are aligned with those of the Settlement Class.

14.     The Court also approves the additional $3,000.00 compensation Defendant will pay directly to Plaintiff in exchange for a general release and agreement not to seek re-employment with Defendant.  The direct payment is further justified because Plaintiff suffered an economic loss when he was denied employment for which he was otherwise eligible.  The Court directs that, no later than seven (7) days after the entry of this Order, Defendant pay Plaintiff this additional compensation provided Plaintiff executes a general release and agreement not to seek re-employment with Defendant.

15.     The Court directs that within seven (7) days of the entry of this Order, the Class Administrator shall calculate the actual cost of no more than $17,575.00 for administration fees, which includes all costs and fees incurred to date, as well as estimated costs and fees involved in completing the administration of the Settlement. Such administration fees shall be paid from the Settlement Fund.

16.     The Court directs that within seven (7) days of the entry of this Order, the Settlement Administrator make payment from the Settlement Fund to Class Counsel in the amount of $7,847.90 for costs incurred in prosecuting this action.

17.     The Court directs that no later than seven (7) days after entry of this Order, Settlement Administrator shall mail checks to Class Members who timely submitted claims. The checks shall be negotiable for 90 days and mailed in accordance with the Settlement Agreement. Without affecting the finality of this Order or the Court's Judgment in any way, this Court retains jurisdiction over the interpretation, implementation, and enforcement of the Settlement, including the claims process established therein for one (1) year after entry of this Order.

18.     The Court directs that no later than seven (7) days after entry of this Order, Defendant pay Class Counsel's attorneys' fees in the amount of $236,500.00, with payment to be made directly to Class Counsel.

19.     If the Settlement does not become final and effective in accordance with the terms of the Settlement, any and all orders entered in connection with it shall be rendered null and void and shall be vacated.

20.     The Clerk is directed to CLOSE this case.

**DONE AND ORDERED** at Tampa, Florida, on this 16th day of September, 2022.

Charlene Edwards Honeywell
United States District Judge

**COPIES FURNISHED TO:**
Counsel of Record